## Case No. 3,520.

### CUTTING et al. v. MYERS.

[4 Wash. C. C. 220;[1] 1 Robb, Pat. Cas. 159.]

Circuit Court, D. Pennsylvania. April Term, 1818.

ACTIONS FOR INFRINGEMENT OF PATENTS—DECLARATION—NECESSARY AVERMENTS—DEMURRER.

1. The declaration in a patent cause need not state that the stages preliminary to the issuing of a patent were observed. What is required to be stated in such a declaration.

[Explained in Van Hook v. Wood, Case No. 16,854.]

2. The declaration must set forth the attestation of the president of the United States, and that the patent was delivered; and the want of a statement of either is a cause for general demurrer.

[Cited in Dobson v. Campbell, Case No. 3,945; Nathan Manuf'g Co. v. Craig, 47 Fed. 524.]

3. It is no cause of demurrer to such a declaration that neither the patent, nor the declaration states in what the improvement consists. If the defendant wants the specification inserted on the record, he must crave oyer of it.

4. In what manner and form the breach in actions on patents must be laid.

WASHINGTON, Circuit Justice. This is an action for the infringement ot a patent right. The declaration contains four counts, to two of which, viz. the second and fourth, the defendant has filed special demurrers. The decision upon either of the counts will decide the fate of the other. The second count states, that by certain letters patent, made out in due form of law, under the seal and in the name of the United States, dated, &c. which said letters patent the plaintiffs bring into court, whose date, &c. there was granted to the said Robert Fulton, his heirs, &c. for the term of fourteen years from the said date, the full and exclusive right and liberty of making, constructing, using, and vending to others to be used, a new and use-

[2] [From 2 Int. Rev. Rec. 94.]
[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

ful improvements in steamboats; he, the said Robert, being a citizen of the United States, and the true and original inventor of the said improvement, &c. The demurrer states for cause, that it is not stated, nor alleged, nor does it appear by the said count, in what the said new and useful improvement in steamboats consisted, and that the said count is altogether vague, &c.

The objections made by the defendant's counsel to this count, are 1. That it does not sufficiently state that all the steps which the inventor is required by the act of congress to take to entitle him to a patent were observed; that is to say, that a petition was presented to the secretary of state; that the attorney general's certificate as to the form of the patent was obtained; that the patent was signed by the president; or that the conditions prescribed in the third section of the law were complied with. In support of this objection it is contended, that the declaration ought to show a title in the plaintiff, and that every thing which is of the essence of the action, was performed by the patentee. That a performance of all the acts required by the first and third sections of the law, are of the essence of the plaintiff's title, and therefore ought to have been precisely averred. The validity of this argument will be best tested by an attention to the first and third sections of the act of congress of the 21st of February, 1793 [1 Stat. 318]. These sections describe, 1. Who is entitled to the exclusive property in any new and useful art, machine, manufacture, or composition of matter. 2. They prescribe what shall be the essential parts of the instrument granting such property. And lastly, what the petitioner must do before he can receive a patent. As to the first, to entitle any person to this exclusive right, he must be the inventor of the thing in which he claims an exclusive property, and must allege himself to be such. As to the second, the letters patent must be made out in the name, and under the seal of the United States, and bear teste by the president of the United States, reciting the allegations and suggestions of the petition, giving a short description of the invention, and granting to the petitioner, for a certain term, the full and exclusive right and liberty of making, constructing, using, and vending to others to be used, the said invention. Lastly, to entitle the inventor to receive this patent, he is required to present a petition to the secretary of state, signifying his desire to obtain an exclusive property in his invention, and praying that a patent may be granted therefor. He is also required to swear or affirm that he is the true inventor or discoverer of the art, machine, or improvement, for which he solicits a patent, and further, to make a full disclosure of his invention in the manner prescribed in the third section of the act.

The principle contended for by the defendant's counsel, that the declaration must show a title in the plaintiff, is incontrovertible.

But on what does the title of the plaintiff to the exclusive property of an invention rest? The answer is, on a grant of such exclusive property by the United States; and if the declaration avers that such grant, in the form prescribed by law, was issued, it shows the very title on which the action is founded, and on which, prima facie, the plaintiff is entitled to recover. It is not necessary for him to aver that those preliminary steps were taken, without which a valid grant could not issue, because the court will presume in favour of the grant, that every thing was rightly and solemnly done which the law required, in order to authorise the issuing of the grant. If the prerequisites to the issuing of the grant were not observed, then the allegation in the declaration, that the patent granted to R. F. the full and exclusive right and liberty of making, &c. his improvement, is not true. As well might it be contended, that in pleading a grant of land, it is necessary to aver the entry, survey, and all the other steps required by law to be taken before a valid grant can issue. They are prima facie implied in the allegation that the grant was duly made in the manner prescribed by law. But the court is of opinion, that within these principles there are two objections to these counts which are fatal, and which the defendant is entitled to the benefit of, upon a general demurrer. The first is, that they contain no allegation that a patent did issue to R. F.; or secondly, that it was tested by the president. As to the first, the allegation is, that a patent was made out in due form of law under the seal, and in the name of the United States, by which there was granted to the said R. F. &c. But the law proceeds to declare that the patent so made out shall be delivered to the petitioner, and that no person can receive it until he has taken the oath, and made the disclosure prescribed in the third section of the act. Now there is no allegation in these counts that the patent was more than made out, or that it was ever delivered to R. F., and consequently, there is nothing averred from which the court can imply that those conditions were performed, without which R. F. was incapable of receiving a patent. The principle laid down and relied upon by the plaintiff's counsel, that necessary circumstances implied by law from what is expressed need not be expressed, does by no means impugn this argument; because nothing is expressed to authorise a presumption that the requisite conditions were complied with. It has been contended that delivery is implied in the allegation that the patent was made out, containing a grant of the exclusive right; and the case of Churchill v. Gardner, 7 Term R. 596, is relied upon. But that was a case at common law, and the implication that the bill of exchange was delivered, arising out of the allegation that it was made, was perfectly natural and reasonable. But it is believed to be a clear principle of law,

that if a statute requires certain acts to be performed before a statutory instrument can be delivered or take effect, the plaintiff must aver in his declaration, either the performance of those acts, or the fact of delivery from which such performance may be implied.

2. The plaintiff's title resting upon a patent from the United States, the form of which is prescribed by the act of congress, it certainly should be shown, by the declaration, that the patent in question was such as the law requires. Now the attestation of the president is rendered as necessary to the form and validity of this patent, as the affixing of the seal of the United States to it; and the signature of the president can no more be implied from the allegation that the patent was made out containing a grant of the privilege, than the seal could be implied from the allegation that a patent was made out containing the grant. The certificate of the attorney general forms no part of the patent, and may reasonably be implied from the allegations contained in the counts.

The second objection made to the counts under consideration is, that the improvement for which the patent is alleged to have been granted is too loosely described in the patent itself, as set forth, to entitle the plaintiff to a judgment. It is contended that it ought to have stated in what particulars the improvement consists. An objection similar to the present, in all respects, was made to the declaration in the case of Gray v. James [Case No. 5,719], and after the most mature consideration by the court it was overruled. With that opinion the court finds no reason to be dissatisfied. The declaration in that case stated, that Jacob Perkins, having invented a new and useful improvement in the manner of manufacturing nails, &c. which had not been known or used before his application, &c. (and so averring a compliance with all the requisitions of the act of congress previous to obtaining a patent, and an assignment of his right to Guppy and Armstrong), letters patent were duly made out in the name of the United States, bearing teste by the president of the United States, reciting, &c. and giving a short description of the said invention, and granting to the said G. and A. &c. the full and exclusive right and liberty of making, &c. the said improvement, &c. The objection made to this declaration was, that the "et caetera" in the description of the discovery rendered the patent too vague, and ought to have been cured by stating in the declaration the material parts of the specification, so as to leave no doubt as to the particular discovery for which the patent was granted. The court laid down the general rule, that a declaration ought to show a title in the plaintiff, and that with convenient certainty; and should also state those matters that are of the essence of the action, without which the plaintiff shows no right in point of law to ask for a judgment: but that in that case, the plaintiff's right was founded on a patent which was accurately stated in the declaration, the et caetera forming a part of the former, which was designated in the declaration by the terms which itself uses. That though the specification was referred to in the patent as a part thereof, it was still merely descriptive of the invention—a matter of evidence to be used at the trial, and might have been spread upon the record by oyer if it was important for the defendant to see it. The court was therefore of opinion, that the patent was described with sufficient certainty, even upon a demurrer. In this case, and upon these pleadings, the court must presume that the description of the thing granted is as broad as the patent itself, and in all respects corresponds with it; and upon the principle decided in the above case, we are of opinion that the plaintiffs were not bound to go farther, and to set out the specification, either verbatim, or substantially.

3. The last objection to this declaration is, that the breaches are laid too generally. The breach in substance is, that the defendants, without the leave or license, &c. did use the said improvement so invented by the said R. F. contrary to the form of the acts of congress, &c. and against the privileges so granted, &c. The answers given by the plaintiff's counsel to this objection are entirely satisfactory to the court. 1. The objection is to the form of the declaration, and no such cause is assigned by the demurrer. 2. The breach assigned is as broad as the right set forth in the declaration, and granted by the patent; and this the court considers to be not only sufficient, but that it is the most correct manner of pleading in this case. But for the reasons mentioned under the first head, the demurrer must be sustained.

[This patent was granted to R. Fulton February 11, 1809.]