### NATHAN MANUF'G Co. et al. v. CRAIG et al.

*(Circuit Court, D. Massachusetts. September 13, 1889.)*

1. PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—DEMURRER.
   A complaint for the infringement of letters patent, which does not show that the invention was not in public use or on sale for more than two years prior to the application for patent, is insufficient on demurrer. *Blessing* v. *Copper-Works*, 34 Fed. Rep. 753, followed.

2. SAME—OWNERSHIP OF INFRINGING PATENT.
   A complaint for the infringement of letters patent, which does not disclose that defendants are the owners of the alleged interfering patent, is insufficient on special demurrer.

3. SAME—PRIORITY OF INVENTION.
   Rev. St. U. S. § 4918, provides that, "whenever there are interfering patents, any person interested in any one of them, or in the working of the invention claimed under either of them, may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owners of the interfering patent; and the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either of the patents void, in whole or in part." *Held*, that in an action under this statute the only question to be determined is the priority of invention.

In Equity.

Bill by Nathan Manufacturing Company and others against Warren H. Craig and others, for an infringement of a patent. Defendants filed the following demurrer:

"These defendants, by protestation, not confessing all or any of the matters and things in the complainants' amended bill of complaint contained to be true in such manner and form as the same is therein set forth and alleged, do demur to said bill, and for causes of demurrer show that the complainants

have not, in and by their said bill, made or stated such a case as entitles them in a court of equity to any discovery from these defendants, or either of them, or to any relief from them, or either of them, as to the matters contained in the said bill, or any of such matters. That it does not appear by the said bill that the letters therein alleged to have been issued to Kaczander and Ruddy and to Kaczander, respectively, of which patents the complainant Ricks is alleged now to be the owner, are letters patent of the United States. Neither does it appear that the above-named letters patent were issued in the name of the United States of America, nor that they were issued under the seal of the patent-office, nor that they were signed by the secretary of the interior and countersigned by the commissioner of patents, nor that they were delivered to the patentee. That, furthermore, it does not appear by said bill for what term the letters patent above mentioned were issued, nor does it appear that either of said letters patent granted to the patentee the exclusive right to make, use, and vend the invention covered thereby throughout the United States and territories thereof. And furthermore, that it does not appear by said bill that the improvements in lubricators, alleged therein to have been the subjects of the two patents above mentioned, were not known and used in this country, and not patented or described in any printed publication in this or any foreign country, before the alleged invention thereof by Kaczander and Ruddy and Kaczander, respectively; and that it does not appear that said alleged inventions were not in public use or on sale more than two years prior to the respective applications of Kaczander and Ruddy and Kaczander, aforesaid, for letters patent. And further, that it appears by said bill and by the printed matter filed therewith that the invention described and shown in the patent issued to Warren H. Craig, No. 398,583, is not the same as the invention shown in either the Kaczander and Ruddy or Kaczander letters patent, nor any part thereof, but that, on the contrary, it appears that the said letters patent are not interfering patents, as alleged, and the complainants are not entitled to any remedy in equity, as granted by section 4918 of the Revised Statutes of the United States, upon the ground that the complainants' patents and defendants' patent are interfering patents. And furthermore, that it does not appear by said bill that the defendants Craig and Robinson are the owners of the alleged interfering patent, as required by the statute aforesaid. And furthermore, that it is not alleged by the said bill that the invention described in the aforesaid Craig patent is shown and described in the said Kaczander and Ruddy patent, No. 337,500. And furthermore, the defendants aforesaid demur to the said bill because it appears by the said bill that the same is exhibited against the defendants thereto for distinct matters and causes, and that so much of the bill as complains of two circulars, thereto annexed, is wholly irrelevant and immaterial, and has no relation to the aforesaid Kaczander and Ruddy and Kaczander patents, with which the Craig patent is alleged to interfere. And further, that it does not appear by said bill that the issuing and distribution of said circulars by defendants was in any way wrongful, or entitles the complainants to any remedy in equity. And further, the defendants demur to so much of said bill as alleges that the invention described in the Craig letters patent was made and sold by the complainants before the issue of the said letters patent, and to so much of said bill as alleges the prior knowledge, use, or manufacture of the invention set forth in the said Craig patent by various persons in Chicago, Detroit, and elsewhere, especially that part of said bill beginning with the words, 'and that long before,' on page 3, line 27, down to the words, 'or under its authority,' page 4, line 8, as wholly impertinent, irrelevant, and immaterial. And the defendants further demur to so much of said bill as avers that said invention shown in said Craig letters patent is of very slight importance, as being

wholly immaterial and irrelevant. Wherefore, and for divers other good causes of demurrer, appearing in the said bill, the defendants do demur thereto, and humbly demand the judgment of this court whether they shall be compelled to make any further or other answer to the said bill, and pray to be hence dismissed, with their costs and charges in this behalf most wrongfully sustained."

*Thomas W. Clarke,* for complainants.

*Livermore, Fish & Richardson,* for defendants.

COLT, J. The grounds of demurrer which relate to the formal parts of the bill are sustained under the authority of *Cutting* v. *Myers,* 4 Wash. C. C. 220; *Blessing* v. *Copper-Works,* 34 Fed. Rep. 753. The special grounds of demurrer which allege that it does not appear by the bill that Craig and Robinson are the owners of the alleged interfering patents, that the bill is multifarious in respect to so much of the bill as complains of the two circulars annexed thereto, and that the bill alleges that the invention described in the Craig patent was made and sold by complainants before the issue of that patent, or which alleges prior knowledge or use of the invention set forth in the Craig patent, or that the invention is of slight importance, are sustained upon the ground that this suit is brought under section 4918[1] of the Revised Statutes; and that the only point in issue under this statutory remedy is the question of priority of invention between the owners of interfering patents. *Pentlarge* v. *Pentlarge,* 19 Fed. Rep. 817; *Lockwood* v. *Cleveland,* 20 Fed. Rep. 164; *American Clay-Bird Co.* v. *Ligowski Clay-Pigeon Co.,* 31 Fed. Rep. 466. The other grounds of demurrer are overruled. The complainants have leave to amend their bill within 20 days.

[1] Section 4918. "Whenever there are interfering patents, any person interested in any one of them, or in the working of the invention claimed under either of them, may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owners of the interfering patent; and the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either of the patents void in whole or in part, or inoperative or invalid in any particular part of the United States, according to the interest of the parties in the patent or the invention patented; but no such judgment or adjudication shall affect the right of any person except the parties to the suit and those deriving title under them subsequent to the rendition of such judgment."