In re: James D. LOWE and Jean Lowe, husband and wife, fdba Eastmont Lumber; Builders Supply & Lumber Co., Debtors.

In re Ronald D. JAMES and Sharon E. James, husband and wife, fdba Builders Supply & Lumber Company, Debtors.

Bankruptcy Nos. 80–0973, 80–0972.

United States Bankruptcy Court, E. D. Washington.

Nov. 26, 1980.

Dillon E. Jackson of Keller, Jacobson, Hole, Jackson & Snodgrass, Bellevue, Wash., for debtors.

## MEMORANDUM DECISION

L. WARDEN HANEL, Bankruptcy Judge.

The above–entitled cases are before this Court on the objection of the trustee, J. Kirk Bromiley, to the exemptions claimed by the debtors in their respective cases. Representing the debtors in both proceedings was Dillon E. Jackson of the law firm of Keller, Jacobson, Hole, Jackson & Snodgrass.

## FACTS

*JAMES*: On June 18, 1980 Ronald and Sharon James filed a joint petition for relief pursuant to 11 U.S.C. § 302 under Chapter 7 of the Bankruptcy Code. In Schedule B–1 there is listed a parcel of real estate on which the debtors reside. The market value of this real estate is listed at $50,000.00. According to Schedule A–2 there is approximately $41,000.00 owed on the real estate thereby leaving the debtors with an equity of $9,000.00.

Also listed in Schedule B–1 is a parcel of real estate consisting of approximately 1.78 acres in the State of Idaho. Its market value is listed at $1,800.00. According to Schedule A–2 it is unencumbered.

In Schedule B–4 Mrs. James has elected to utilize Washington State exemptions and has accordingly claimed a $20,000.00 homestead in the real estate on which the debtors reside. Mr. James, on the other hand, has opted to utilize the federal exemptions found in 11 U.S.C. § 522 and has, among other items, claimed the $1,800.00 equity in the Idaho property exempt.

*LOWE*: On June 18, 1980 James and Jean Lowe filed a joint petition for relief pursuant to 11 U.S.C. § 302 under Chapter 7 of the Bankruptcy Code. In Schedule B–1 there is listed three parcels of real estate. Two of the parcels are contiguous and are apparently used by the debtors as their residence. The market value of these parcels is $77,000.00. According to Schedule A–2 there is approximately $50,000.00 owed thereby leaving an equity of $27,000.00. Also listed in Schedule B–1 is real estate consisting of 40 acres which is unimproved, unencumbered, and which has a market value of $1,350.00.

In Schedule B–4 Mrs. Lowe has elected to utilize Washington State exemptions and has accordingly claimed a homestead of $20,000.00 on the two parcels of real estate on which the debtors reside. Mr. Lowe, on the other hand, has opted to utilize the federal exemptions found in 11 U.S.C. § 522 and has, among other items, claimed $7,900.00 under 11 U.S.C. § 522(d)(5) exempt. Although the debtor did not indicate in Schedule B–4 which property the exemption was to be applied toward, the debtor, in his brief, has indicated that $7,000.00 of the $7,900.00 is intended to exempt the remaining equity in the debtor's residence leaving $900.00 to be applied toward the 40 acre parcel.

## ISSUE

The issues raised by Mr. Bromiley in both of these cases are identical. He asserts that the debtors, in a community property state, may not separately claim exemptions in the same community property. Secondly, he asserts that if the debtors are allowed to each claim exemptions separately that the exemptions may not be "stacked" in order to claim more equity exempt than would be allowable in non–community property states.

## CONCLUSION

*ISSUE 1:*

█ Section 522(b) of the Bankruptcy Code, 11 U.S.C. § 522(b), provides in part that "... an individual debtor may exempt ... (1) property that is specified under subsection (d) of this section ... or, in the alternative, ... any property that is exempt under federal law, other than subsection (d) of this section, or state or local law that is applicable on the date of the filing...." Section 522(m) of the Bankruptcy Code, 11 U.S.C. § 522(m) states "(t)his section (522) shall apply separately with respect to each debtor in a joint case."

Read together the Court is constrained to find that each debtor in a joint case has the right to elect for him/herself either state or federal exemptions regardless of the actions of the other debtor. *In Re Lucero*, 4 B.R. 659, 2 CBC 2d 532 (Bkrtcy.D.Colo.1980). This conclusion does not change because the debtors live in a community property state. While this may, in some circumstances, allow the debtors collectively to claim more property exempt than they would be capable of doing in non–community property states it is not within the power of this Court to legislate. Congress when it passed the Bankruptcy Reform Act of 1978 was cognizant of the fact that certain property could be held as community property. Since it chose not to place restrictions on debtors under these circumstances the Court will not now do so.

*ISSUE 2:*

Although it is the holding of this Court that each debtor in a joint petition may claim exemptions independently of each other there is nothing in the Bankruptcy Code or its legislative history to indicate that when a debtor chooses to utilize state exemptions that he is free from the restrictions imposed upon them by the state legislature. In Washington, a person, be he/she married or single, may claim a $20,000.00 homestead in the premises actually used as a home. R.C.W. 6.12.020 and 6.12.050. In order to properly assert this claim of exemption the claimant must execute and acknowledge a declaration of homestead and file the same with the auditor's office in the county in which the real estate is located. R.C.W. 6.12.040 and 6.12.070. Once this procedure is followed the homestead is presumed valid until its validity is contested. R.C.W. 6.12.090.

Under Washington law if the claimant is married he or she may elect a homestead from property held as community property. R.C.W. 6.12.020. This is presumptively the situation in both the *James* and *Lowe* cases. There is one important limitation, however, on the claiming of community property as a homestead. R.C.W. 6.12.020 as amended in 1977 reads in part:

> If the claimant be married the homestead may be selected from the community property ... *Provided*, that the same premises may not be claimed separately by the husband and wife with the effect of increasing the net amount of the homestead available to the marital community beyond the amount specified in R.C.W. 6.12.050....

█ Simply stated, the maximum homestead exemption which a debtor may claim under Washington law is $20,000.00. R.C.W. 6.12.050. That amount, however, must be reduced by the amount, if any, the spouse utilizing federal bankruptcy exemptions has claimed exempt. To hold otherwise would require the Court to disregard the language found in R.C.W. 6.12.020. That is unnecessary and would be an abuse of this Court's judicial power.

█ Applying this holding to the present cases it is the conclusion of the Court that the claiming of exemptions by the James individually is authorized by the Bankruptcy Code. As such their exemptions must be allowed unless they collectively are attempting to exempt more than $20,000.00 in their residence. Since that is not the case the Court holds that the trustee's objections in the *James* case are overruled.

Applying this holding to the *Lowe* case the Court, likewise, finds that each debtor may separately claim property exempt. Mrs. Lowe, however, is bound to follow Washington law in respect to the claiming

of a homestead. Since Mr. Lowe has utilized $7,000.00 of the exemptions allowed him under 11 U.S.C. § 522(d)(5) in the same property Mrs. Lowe has claimed as a homestead, Mrs. Lowe is allowed a Washington state homestead of only $13,000.00.

While the Court is not now ruling on the permissibility of amending B–4 at this state of the proceedings it may be possible for Mrs. Lowe to claim the full $20,000.00 exemption in the homestead if Mr. Lowe amends his exemptions by utilizing the $7,000.00 on property other than that claimed by Mrs. Lowe as a homestead.

On the basis of the foregoing Memorandum Opinion which is hereby adopted as my Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752, it is:

ORDERED that the trustee's objections to the exemptions claimed by the debtors in the *James* case are overruled.

FURTHER ORDERED that the trustee's objection to the exemptions claimed by the debtors in the *Lowe* case are sustained in part and overruled in part as set forth in the above Memorandum Opinion.

FURTHER ORDERED that counsel for the debtors submit an Order in conformity with the foregoing.