**In re Howard & Joanne GORDY, Debtors.**

**Philip R. JOELSON, Trustee, Plaintiff,**

v.

**Joanne M. GORDY, Defendant.**

**Bankruptcy No. 83–0854.**

**Related Case 83–00572.**

United States Bankruptcy Court, N.D. Ohio, W.D.

April 18, 1984.

Philip R. Joelson, Toledo, Ohio, for plaintiff.

C. Thomas Gruhler, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Complaint for Recovery filed by the Trustee in the related bankruptcy case. On February 23, 1984, a Pre-Trial conference was held in this adversary proceeding, at which the Court Ordered the parties to submit any written arguments they wished this Court to consider regarding the merits of the Complaint. Although not specifically entitled as such, the Court will treat the submission of arguments as a Motion for Summary Judgment.

### FACTS

The facts in this case do not appear to be in dispute. At some time prior to the filing of the Debtors' Petition, the Defendant-Debtor and her son signed, as co-makers, a promissory note for the purchase of a 1977 pickup truck. On March 29, 1983, the Debtors filed a voluntary Chapter 11 petition with the Court, which was converted to a Chapter 7 petition on November 23, 1983. At the time the case was converted, the title to the pickup truck reflected the Defendant-Debtor as the sole owner. On the Chapter 7 schedules the Debtors listed the promissory note as a debt and the pickup truck as property of the estate. The Debtors also claimed the truck as an exemption from the estate. The Trustee objected to the claim of exemption, an Objection which

**34**

was sustained by this Court on February 23, 1984. On December 21, 1983, the Trustee-Plaintiff filed this Complaint seeking a recovery of the truck which remained in the Debtors' possession. At the Pre-Trial the Defendant-Debtor argued that her co-signature on the note was given in order to allow her son to purchase the truck. She further argued at the Pre-Trial that since her son was the only user of the vehicle, that he had made all the payments to the creditor, and that the intent of all parties involved was that the truck belonged to him, the truck should not properly be included in the estate. The record reflects that the time set on February 23, 1984, for the submission of arguments has expired and that only the arguments of the Trustee have been submitted.

## LAW

The property which becomes part of the bankruptcy estate when a Petition is filed is addressed by 11 U.S.C. § 541(a) which states in pertinent part:

"The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located ... all legal or equitable interests of the debtor in property as of the commencement of the case."

As correctly argued by the Trustee, in Ohio, legal title to motor vehicles is evidenced only by the name of the owner on a duly certified certificate of title. *See*, Ohio Revised Code § 4505.04. Accordingly, the only owner which this Court may recognize as the actual owner of the vehicle is the Debtor. Pursuant to the provisions of § 541(a), her legal title has become part of the bankruptcy estate. This conclusion is supported by the fact that the Debtors, by inclusion of the truck on their schedule of property, have admitted that it should be included in the estate.

Under the provisions of 11 U.S.C. § 542(a), which reads in pertinent part: "Except as provided in subsection (c) or (d) of this section, an entity ... in possession, custody or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title ... shall deliver to the trustee, and account for, such property or the value of such property..."

the Trustee is entitled to possession of the vehicle. Although the estate may not have any interest in the property by virtue of the equitable claims of any creditors, this does not negate the fact that the Trustee is presently entitled to possession of the vehicle. The interests of any creditor can be determined at a later time. It should be noted that this conclusion is consistent with the provisions of 11 U.S.C. § 541(d) which states in pertinent part:

"Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under subsection (a) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

If it is determined that because of the claims of any creditors the truck is burdensome or of no value to the estate, it may be abandoned from the estate. While the Defendant-Debtor's son is free to file a claim against the estate for his equitable contribution towards the purchase of the truck, he is not entitled to possession of the truck or the value of his contribution until such a claim has been submitted and approved. However, at the present time, the Trustee is entitled to possession of the truck.

As previously indicated, this Court intended to treat this adversary proceeding as though a Motion for Summary Judgment had been filed. Accordingly, the Court finds that there are no genuine issues as to any material facts which require this Court's further consideration. The Court also concludes that the Trustee is entitled to judgment as a matter of law.

It is ORDERED that the Complaint be, and it is hereby, GRANTED.

It is FURTHER ORDERED that the Debtor will turn over to the Trustee, within

five (5) days from the date of this Order, the 1977 pickup truck.