In re Roger A. & Julia R.
LEYS, Debtors.

Bankruptcy No. 84–04199.

United States Bankruptcy Court,
E.D. Wisconsin.

May 30, 1985.

Louis L. Croy, Manitowoc, Wis., Trustee.

John E. Raftery, Sheboygan, Wis., for debtors.

## DECISION

DALE E. IHLENFELDT, Bankruptcy Judge.

When Roger and Julia Leys filed a chapter 7 petition on October 5, 1984, they resided in and were owners of a single family home which had a value of $56,000 and was encumbered by mortgages totalling approximately $24,580. Their homestead was owned equally in joint tenancy, and they claimed the following exemptions:

"Equity in real estate homestead at
1729 N. 6th Street, Sheboygan, WI    Wis. 815.20    $25,000.00
    Total equity is $31,419.47           Fed. 522(d)(1)    6,419.47"

The debtors' schedules did not indicate which spouse had claimed which exemption, but the debtors have advised the court that the husband, Roger Leys, is claiming the $25,000 exemption under § 815.20(1) of the Wisconsin Statutes, and the wife, Julia Leys, is claiming the $6,419.47 ($6,420) exemption under § 522(d)(1) of the Bankruptcy Code. The trustee has filed an objection to the exemption of $6,420 claimed under § 522(d)(1) of the Code, but his briefs make it clear that his objection is to the $25,000 exemption claimed under the state statute.

The trustee's objection is based upon the following language in § 815.20(1) of the Wisconsin Statutes:

"Such exemption extends to land owned by husband and wife jointly or in common, and when they reside in the same household may be claimed by either or may be divided in any proportion between them, but in no event shall the exemption exceed $25,000 for such household."

The trustee argues that § 815.20(1) will not permit a husband and wife residing in the same household to claim homestead exemptions that total in excess of $25,000, and accordingly if Julia insists on claiming an exemption of $6,420, then Roger must reduce his claimed $25,000 exemption by $6,420.

Before deciding whether the exemptions have been properly claimed, it is necessary to have an understanding of the basic approach taken by the Bankruptcy Code. Section 541 provides that the commencement of a bankruptcy case creates a bankruptcy "estate" consisting (with some exceptions and qualifications not here relevant) of all legal or equitable interests of the debtor in property as of the commence-

ment of the case. The filing of a joint petition by a husband and wife does *not* create a joint bankruptcy estate. Section 302(b) indicates that this would only occur if the court ordered the two bankruptcy estates to be consolidated.

An individual debtor has the option of exempting property out of property of the estate under § 522(b)(1) or § 522(b)(2). Section 522(b)(1) permits a debtor to claim as exempt that property which is specified in § 522(d) of the Code.[1] Section 522(b)(2) permits a debtor to claim as exempt that property which is exempt under Federal law other than § 522(d), plus that property which is exempt under State or local law that is applicable on the date of the filing of the petition.[2]

In the case at bar, the two debtors filed a joint petition. Inasmuch as no consolidation was ordered, a separate bankruptcy estate was created for each spouse. Each bankruptcy estate included an undivided one-half interest in the homestead, each of which had a value of $15,710. Roger elected to claim his exemptions under § 522(b)(2) of the Bankruptcy Code, specified the statute creating this particular claimed exemption to be § 815.20(1) of the Wisconsin Statutes, and he has claimed the entire $25,000 exemption provided in § 815.20(1), as is permitted by that statute. The claimed exemption is a proper one, and in fact exceeds the $15,710 value of his estate's interest in the property.[3] Accordingly, that $15,710 interest is exempt.

Julia elected to claim her exemptions under § 522(b)(1) of the Bankruptcy Code, specified subsection (1) of § 522(d)[4] as the statute creating this particular claimed exemption, and has claimed $6,420 of the $7,500 provided in that subsection. The claimed exemption is a proper one, and after subtracting the exempted portion from the bankruptcy estate in her case, there is a non-exempt balance with a value of $9,290 remaining for her creditors.

The trustee contends that in claiming his exemption under the state law, Roger is subject to the restrictions and conditions that are a part of that state law. Section 815.20(1) states that where a husband and wife reside in the same household, the homestead exemption may not exceed $25,000 for such household. Since Julia has claimed an exemption of $6,420, Roger's exemption, claimed under § 815.20(1), may not exceed $18,580. In a somewhat similar situation in the case of *In re Lowe*, 7 B.R. 248 (Bk.E.D.Wash.1980), the court ruled in favor of a trustee making this same argument.

Unlike § 6 of the Bankruptcy Act of 1898[5] sections 522(b)(1) and 522(b)(2) create federal exemptions, and § 522(m) provides that § 522 applies separately with respect to each debtor in a joint case. Applying the Wisconsin statute as urged by the trus-

1. Wisconsin has not "opted out" of the exemptions provided in § 522(d), as is permitted by § 522(b)(1).

2. A debtor must claim all of his exemptions under § 522(b)(1), *or* all of his exemptions under § 522(b)(2). He may not pick and choose various items of property and claim some exempt under § 522(b)(1) and some exempt under § 522(b)(2).

3. Assuming Roger claimed his exemption in the exact amount of his bankruptcy estate's interest in the property, $15,710, Julia could then utilize the $9,290 balance of the $25,000 exemption contained in Wis. Stats. § 815.20(1), provided she elected to claim her exemptions under § 522(b)(2) of the Code. Roger, however, cannot utilize this $9,290 balance to claim as exempt a part of Julia's bankruptcy estate. The statement in § 522(b), "an individual may exempt from property of the estate ..." can only mean the estate created by that individual's filing. The statute would make no sense if it permitted one individual to claim, as exempt, property that is included in the bankruptcy estate of another.

4. "§ 522(d) The following property may be exempted under subsection (b)(1) of this section:
   (1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, ..."

5. "§ 6. Exemptions of Bankrupts. This Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition...."

tee would seem to effect a denial to the debtors of the benefit of the options accorded them in § 522. It may be questioned whether the Wisconsin courts would construe § 815.20(1) in such manner as to achieve such a result. Section 815.20(1) was enacted long before § 522 of the Code and the $25,000 limitation could not, of course, have been intended to affect the exemptions Congress provided for debtors in § 522. On the other hand, a State does have the power to set its own exemption levels. *In re Sullivan*, 680 F.2d 1131 (7th Cir.1982).

Whatever the correct answer may be to the question posed by the trustee, his objection in this case is moot since the total value effectively exempted by the debtors is less than $25,000, and it is unlikely that this issue will arise in the future.[6]

6. The Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. 98–353, 98–531) amended § 522(b) with respect to husband and wife cases. In such cases filed on and after October 9, 1984, one spouse may no longer elect to exempt property listed in § 522(b)(1) and the other spouse elect to exempt property listed in § 522(b)(2).