**GERTZ, Admr., Appellee,**

v.

**DORIA et al., Appellants.**

[Cite as *Gertz v. Doria* (1989), 63 Ohio App.3d 235.]

Court of Appeals of Ohio,
Summit County.

No. 13932.

Decided June 14, 1989.

236

*Marc P. Gertz,* for appellee, *pro se.*

*Matthew Fortado,* for appellant Barbara J. Doria.

*Karen M. Doty,* for appellant Go–Jo Industries, Inc.

CACIOPPO, Presiding Judge.

At the time of his death in 1985, Sam Doria, the husband of appellant, Barbara J. Doria, was an employee of Go–Jo Industries, Inc. An estate was filed in Summit County Probate Court with appellant as fiduciary. Go–Jo filed a claim against the estate, alleging Sam had misappropriated Go–Jo funds. Upon motion by Go–Jo, the appellant was removed as fiduciary and attorney Marc P. Gertz was appointed administrator, W.W.A.

Gertz allowed the claim of Go–Jo against the estate. He filed a complaint for authority to sell the marital residence which was titled solely in the name of Sam Doria.

The appellant answered the complaint, alleging that either an express or implied trust existed in her favor, entitling her to one half of the proceeds of the residence. A hearing was held before a referee. The referee determined

that a trust had not been shown to exist by clear and convincing evidence and recommended that the proceeds be applied to the Go–Jo claim. The appellant filed an objection to this report, which was overruled by the trial court. Appellant now appeals.

## Assignment of Error

"The court erred in determining that no express or implied trust existed in favor of Barbara Doria, as the record shows by clear and convincing evidence that such a trust existed in favor of Barbara Doria."

The appellant contends the court erred in finding no express or resulting trust existed in favor of her, as to the marital residence.

█ It is well established in Ohio that the appellant had to prove the existence of the trust by clear and convincing evidence. See *Hill v. Irons* (1953), 160 Ohio St. 21, 50 O.O. 485, 113 N.E.2d 243. The elements of an express trust are as follows:

" * * * (1) an explicit declaration of trust accompanied by an intention to create it, or circumstances which show beyond reasonable doubt that a trust was intended to be created; (2) an actual conveyance or transfer or a lawful, definite property, estate, or interest, for a definite term, made by a person capable of making a transfer thereof; and (3) a vesting of the legal title presently in a person capable of holding it, to hold as trustee for the benefit of a cestui que trust or purpose to which the trust fund is to be applied, or a retention of title by the owner under circumstances which clearly and unequivocally disclose an intention to hold for the use of another. It has also been held that one of the important elements of a trust is certainty." (Footnotes omitted.) 53 Ohio Jurisprudence 2d (1962) 480, Trusts, Section 40.

"A resulting trust has been defined as 'one which the court of equity declares to exist where the legal estate in property is transferred or acquired by one under facts and circumstances which indicate that the beneficial interest is not intended to be enjoyed by the holder of the legal title.' * * * The device has historically been applied to three situations: (1) Purchase-money trusts; (2) instances where an express trust does not exhaust the *res* given to the trustee; and (3) express trusts which fail, in whole or in part." *First Natl. Bank of Cincinnati v. Tenney* (1956), 165 Ohio St. 513, 515–516, 60 O.O. 481, 482–483, 138 N.E.2d 15, 17–18.

█ In the case at bar, the evidence addressed at the hearing was based solely on the testimony of the appellant. There was no documentation of the trust's creation or evidence of a verbal statement of trust by the decedent to establish the existence of an express trust. The only evidence submitted to the court was the appellant's own testimony that she contributed money to a

joint account for the upkeep and maintenance of the home; and that she contributed half the amount of the down payment of the home. The appellant presented no corroboration of the testimony in the form of vouchers, receipts or cancelled checks.

It is clear from the record that the appellant did not present clear and convincing evidence to show that an express or resulting trust existed as to the marital property.

The appellant's assignment of error is overruled. The decision of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY and QUILLIN, JJ., concur.