**In re James and Donna TOLAND, Debtors.**

No. 05–38678.

United States Bankruptcy Court, N.D. Ohio.

March 6, 2006.

J C Ratliff, Marion, OH, for debtors.

John N. Graham, Toledo, OH, for trustee.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court on the Trustee's objection to the claim of exemption in a motor vehicle. The Debtors' filed a response in opposition thereto. On their respective positions, each of the Parties filed supporting memoranda. The Court has now had the opportunity to consider the arguments raised by the Parties as they pertain to the particular facts of this case, and finds, for the reasons that will now follow, that the Trustee's objection should be Sustained.

The Debtors, James and Donna Toland, sought relief in this Court under Chapter 7 of the United States Bankruptcy Code. At the time they filed for bankruptcy, the Debtor, Donna Toland, held sole title in one motor vehicle. This vehicle is worth approximately $9,000.00 and is not encumbered by any liens. The Trustee seeks to liquidate the equity in this vehicle pursuant to her duties under 11 U.S.C. § 704.

In filing their bankruptcy petition, both the Debtors claimed a $1,400.00 exemption in Mrs. Toland's motor vehicle, thereby seeking to decrease the equity in the vehicle available for the Trustee by $2,800.00. In making their claims of exemption, each of the Debtors utilized paragraphs (A)(2), and (A)(18) of O.R.C. § 2329.66; respectively, these provisions permit a debtor in bankruptcy to claim as exempt their "in-

terest" in one motor vehicle, up to $1,000.00; and to claim as exempt their "interest" in any property, up to $400.00. On these respective claims of exemption, the Trustee's objection is limited to that made by Mr. Toland.

## DISCUSSION

The resolution of the controversy between the Parties in this matter requires a determination as to the right, if any, of the Debtor, Mr. Toland, to claim an exemption in his wife's motor vehicle. Determinations as to exemptions from property of the bankruptcy estate are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. §§ 157(b)(2)(B) & 1334.

In bankruptcy, an exemption permits a debtor to take out of the estate that property which is necessary for the debtor to realize the fresh-start goal of the Bankruptcy Code. *United States v. Security Industrial Bank*, 459 U.S. 70, 72 fn. 1, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). As a device to further the fresh-start goal, exemptions are to be liberally construed in favor of the debtor. *In re Andrews*, 301 B.R. 211, 213 (Bankr.N.D.Ohio 2003). Bankruptcy Rule 4003(c) further implement this policy by placing the burden upon the trustee to establish that a debtor's exemption is not properly claimed.

In accord with the Bankruptcy Code's exemption scheme, the Debtors, being domiciliaries of the state of Ohio, are required to utilize those exemptions provided for under Ohio law. As a prerequisite to claiming an exemption in a motor vehicle, whether under paragraph (A)(2) or (A)(18) of § 2329.66, Ohio law requires that the debtor have an "interest" in the property. In opposing Mr. Toland's right to claim an exemption in his wife's vehicle, however, the Trustee claims that this re-

quirement has not been because the vehicle is titled solely in his wife's name.

With regards to motor vehicles, Ohio is a certificate of title state. O.R.C. § 4505.04. As a certificate of title state, Ohio law generally proscribes a court from recognizing the interest of any person in or to any motor vehicle unless it is evidenced by a certificate of title. In relevant part, O.R.C. § 4505.04 sets forth:

> (A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or *interest in* or to the motor vehicle until there is issued to the person a certificate of title to the motor vehicle, . . .

(emphasis added). This statute then goes on to provide in pertinent part:

> (B) Subject to division (C) of this section, no court shall recognize the right, title, claim, or *interest* of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
>
> (1) By a certificate of title, . . .

(emphasis added).

While § 4505.04 does not specifically reference property exempted under § 2329.66, nor does § 2329.66 refer anywhere to § 4505.04, there is simply nothing to suggest that, as used in both these statutes, the terms "interest" are not complementary. Statutory canons of construction hold that, unless the specific context otherwise requires, statutes are to be read as constituting one harmonious whole. *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 878–79, 114 S.Ct. 1992, 2001–02, 128 L.Ed.2d 842 (1994). A straightforward interpretation thus leads to but one conclusion: when a person is noted on a vehicle's certificate of title as

required by § 4505.04, they will have an exemptible interest in the vehicle for purposes of § 2329.66.

The Debtors, although not directly disagreeing with this statement, argue that this then does not compel the result taken by the Trustee: that *only* the person listed on a certificate of title is entitled to maintain an exemptible interest in the vehicle. In the words of the Debtors, when claiming an exemption under § 2329.66, "the Certificate of Title Act is not conclusive as to ownership interest in a motor vehicle in a bankruptcy proceeding." (Doc. No. 11, at pg. 3). For this position, the Debtors point to the case of *In re Amos,* 201 B.R. 184 (Bankr.N.D.Ohio 1996) (J. Snow).

In *In re Amos,* the debtor's boyfriend sought to purchase a van, but the dealer refused to title the vehicle in his name because he did not have a driver's license. The debtor therefore agreed to purchase the vehicle as an accommodation for her boyfriend and have the vehicle titled in her name. The full purchase price of the vehicle, however, was paid with cash provided by the debtor's boyfriend, with the debtor's boyfriend thereafter having exclusive use of the van.

After filing for bankruptcy, the trustee sought to sell the vehicle, relying on the debtor's ownership interest as evidenced by the vehicle's certificate of title. However, the court in *In re Amos* found that the debtor's name on the vehicle's certificate of title was not conclusive, holding that under these circumstances, an express trust was created with the debtor as the trustee and her boyfriend as the beneficiary. In allowing for a trust relationship, despite the absence of such on the vehicle's certificate of title, the court in *In re Amos* explained that:

> The purpose of the Certificate of Title Act is to prevent the importation of stolen motor vehicles, to protect Ohio bonafide purchasers against thieves and wrongdoers, and to create an instrument evidencing title to and ownership of motor vehicles.
>
> . . . .
>
> There is, therefore, no reason to expect that the Ohio courts would interpret section 4505.04 to invalidate express trusts where doing so would further none of the purposes the Supreme Court has said that the section was intended to achieve.

*Id.* at 187, *citing Hughes v. Al Green, Inc.,* 65 Ohio St.2d 110, 115, 418 N.E.2d 1355, 1358 (1981). Accordingly, based upon the existence of an express trust, the court concluded that the boyfriend's interest in the vehicle was excluded from estate property by virtue of § 541(d).[1]

The Debtors analogize the facts of *In re Amos* to their situation, noting that Mr. Toland's "wages were used to make the monthly installment payments on the vehicle." And "[h]is creditworthiness and his willingness to refinance and use real property he owned jointly with Mrs. Toland allowed the parties to pay off the loan on the [vehicle]." (Doc. No. 11, at pg. 4). However notwithstanding the existence of any parallels, the Debtors' analogy to the *In re Amos* case does not pass legal muster.

■ The holding in *In re Amos* hinged on the existence of an express trust between the debtor and her boyfriend. No

1. In relevant part, this paragraph provides: "Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

such trust, however, can possibly exist in favor of Mr. Toland. Simply providing financial support, as Mr. Toland contends he did here with respect to Mrs. Toland's vehicle, does not give rise to an express trust. At a minimum, the existence of an express trust requires a showing, by clear and convincing evidence, of an intent to create a trust, a transfer or conveyance of the property and the vesting of legal title in the property to another. *Gertz v. Doria*, 63 Ohio App.3d 235, 237, 578 N.E.2d 534 (1989). The Debtors, however, have not even come close to making such a showing.

Notably, the Debtor, Mrs. Toland, does not claim that she intended to transfer her beneficial interest in her vehicle to her husband as is required to create an express trust. To the contrary, it appears that from the context of this case that Mrs. Toland, not Mr. Toland, was the vehicle's principal user. As pointed out by the Trustee, "Schedule B indicates James Toland Sr. is in title to a 2003 Pontiac Grand Prix, has his own car, [and] drives truck [sic] for a living[.]" (Doc. No. 36, at pg. 2). Consequently, notwithstanding the conclusions reached in *In re Amos*, and the Court is not at this time passing on their actual merits, its holding regarding the interplay between an express trust and § 4505.04 is not applicable.

But even this aside, the Debtors also argue that, by virtue of their marriage, Mr. Toland should still be found to maintain a recognizable interest in his wife's vehicle for purposes of O.R.C. § 2329.66. In taking this position, the Debtors point to the benefits and rights afforded to married parties under state law. For example, the Debtors pointed to O.R.C. § 2105.06 which provides for the right of one spouse to inherit intestate from the other; and to O.R.C. § 3105.171 which permits, regardless of whose name property is held, a division of "martial property" when a marriage is terminated. Besides state law, the Debtors also point out that by virtue of their marriage they were entitled to, and did in fact, file a joint petition. Yet, upon closer review, the rights and benefits afforded to married parties, whether these particular rights or others, cannot be read to translate into one spouse having the right to claim an exemption in the other's property.

Ohio has abolished the common law doctrine that a husband and wife have the same legal identity; nor is Ohio a community property state. Instead, it is provided, by statute, that a "married person may take, hold, and dispose of property, real or personal, the same as if unmarried." O.R.C. § 3103.07. Inapposite to this, however, Ohio exemption law places restraints on alienation, including on the sale of the property. Thus, by itself, this provision is all but impossible to reconcile with the Debtors' position that Ohio law affords a spouse the right to claim an exemption in the property of the other. But even more important, Ohio law also provides that "[n]either husband nor wife has *any interest* in the property of the other ..." O.R.C. § 3103.04 (emphasis added). And like with the interplay between § 4505.04 or § 2329.66, discussed *supra*, there is no reason to think that the term "interest," as used here, cannot be read complementary with its use as it pertains to an exemptible "interest" as set forth in § 2329.66.

As for §§ 2105.06 and 3105.171, as cited to by the Debtors in support for their position, these provisions are best viewed in the present circumstances as contingent restraints on alienation, as opposed to actual "interests" in property. For example, the effect of § 2105.06—beginning with the proviso: "When a person dies intestate,"— only arises at this time. In a similar way,

§ 3105.171 only becomes applicable during a divorce or separation proceeding.

█ The fact that the Debtors may have filed a joint bankruptcy petition also does not change things. Although § 302(a) permits married individuals to file a joint petition, unless consolidation is ordered under paragraph (b), the filing of a joint petition creates two separate estates, not one. *See, e.g., In re Leys,* 49 B.R. 852, 853 (Bankr. Wis.1985). And flowing from this, each debtor is only entitled to claim an exemption in the assets of his or her estate, the same as if two separate petitions had been filed. *In re Howard,* 6 B.R. 220, 222–23 (Bankr.S.D.Ohio 1980); *In re Sharik,* 41 B.R. 388, 390 (Bankr.E.D.N.C.1984).

█ To be sure, when a joint petition is filed, it is a common practice, as permitted by Bankruptcy Rule 1015(b), to provide for the joint administration of the respective debtors' estates. But joint administration should not be confused with consolidation. Consolidation results in the creation of one estate from two or more; joint administration does not, but is rather done for procedural convenience by avoiding the duplication of effort that would result if cases involving related debtors were to proceed separately. *In re Blair,* 226 B.R. 502, 505 (Bankr.D.Me.1998). *See also* Fed. R.Bankr.P.2009(e) (trustee shall keep separate accounts for each jointly administered estate).

Therefore, for all the reasons just explained, the Debtor, Mr. Toland, is not entitled to claim an exemption in his wife's vehicle. This holding is consistent with past decisions of a similar nature decided by this Court: *In re Gordy,* 39 B.R. 33, 34 (Bankr.N.D.Ohio 1984), where title to vehicle reflected debtor as sole owner, debtor could not claim that son was intended owner; *In re Smith,* 310 B.R. 320, 323–24 (Bankr.N.D.Ohio 2004), a non-debtor spouse, whose wages did not contribute to

a tax overpayments, had no interest in the ensuing refund which could operate to exclude it from the debtor's bankruptcy estate.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Trustee's Objection to the claim of exemption of the Debtor, James W. Toland, Sr., in the motor vehicle titled in the name of the Co-debtor, Donna F. Toland, be, and is hereby, SUSTAINED.