FRED H. FULLER *vs.* SADIE E. METCALF.

Kennebec.    Opinion November 20, 1925.

*No liability for damages arises from mere ownership of a negligently driven automobile.    A parent is not liable for the negligent operation of an automobile by a minor unless such minor is acting in the service of the parent who must have the right of control.*

In the case of a car, negligently driven by a bailee, the owner is not responsible for damage, even though he is riding in the car, because the right of control has been temporarily surrendered to the bailee.

But if the owner of a car, riding in it, entrusts its operation to his (or her) minor daughter, retaining the right and having the opportunity at all times to direct how the car shall go, who shall drive and how it shall be driven, such owner is liable for negligence in the car's operation.   No evidence that the driver is acting in the service of the owner is necessary other than the service of driving the car in which the owner is riding.

On motion and exceptions by defendant.    An action to recover damages resulting from a collision between an automobile owned and driven by plaintiff with one owned by defendant and her husband being driven by a minor daughter of defendant alleging negligence. The plaintiff contended that the injury to his car was caused by the car of defendant running into his car while he was on his side of the road, and the defendant likewise claimed that her car was run into by that of the plaintiff, and further claimed that she was not liable because her minor daughter was driving the car though she was riding in the car with her daughter.    The general issue was pleaded and at the close of the charge exceptions were taken by defendant to certain parts of the charge, and after a verdict was rendered for plaintiff, defendant filed a general motion for a new trial.    Motion and exceptions overruled.

The opinion sufficiently states the case.

*Pattangall, Locke & Perkins and Burleigh & Williamson,* for plaintiff.
*McLean, Fogg & Southard,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

DEASY, J. Automobile accident case. Verdict for plaintiff. Brought forward on defendant's motion and exceptions.

The automobile which collided with the plaintiff's car was owned by the defendant and her husband and at the time of the accident was driven by their minor daughter.

It appears that on August 18, 1924 the daughter, Georgia, was planning to go to a dance accompanying a young gentleman named Ridley. He telephoned from Augusta that he had missed the car that he had intended to take. Thereupon, Georgia asked her father's permission to use the automobile to go after Mr. Ridley. The father testified that he consented, "if her mother would go with her." This her mother the defendant consented to do. Upon the return journey, bringing Mr. Ridley, the collision occurred.

These details as to the purpose of the trip are stressed in the briefs but in view of the conclusion reached in this opinion, are not important.

The evidence as to the precise place and cause of the accident is conflicting and confusing. In the briefs of counsel it is fully and exhaustively discussed. An analysis of it in this opinion would serve no useful purpose. It is sufficient to say, after a careful reading of the testimony, that the jury in finding the driver of the defendant's car negligent and the plaintiff free from blame committed no manifest error.

The defendant reserved exceptions to certain portions of the charge. The presiding Justice said, "Mr. Foreman, if you have a car and have a son old enough to have a license to drive a car and you send him off on some business of your own to do an errand, he is your servant and agent, although he may not be hired by you, because of the relation he bears toward you and because of the service which he performs."

It is argued that the phrase "because of the relation he bears toward you" is in effect an instruction that the mere relationship of parent and minor child creates a liability for tort. But read with the context these words are not reasonably susceptible of such interpretation.

The Judge was properly explaining to the jury that a person may be a servant though not hired and paid as such; that a son may in legal contemplation be a servant though he serve not for hire but "because of the relation he bears."

The part of the charge to which the defendant's most formidable objection applies is that paragraph wherein is treated the effect of the presence of the defendant in the car when the accident occurred.

No contention is made and none can with effect be made that ownership of the automobile creates liability or that the mother, merely by reason of her parenthood is legally responsible for the tortious use of the car by her minor daughter. Moreover, in this jurisdiction the "family service rule" so called has never been adopted and a sound automobile is not deemed a "dangerous instrumentality." Nothing in the charge is opposed to these propositions.

The Judge ruled that the defendant might be held liable if her minor daughter "was at the time of the accident the servant or agent of the owner of the car and was at the time in the service of Mrs. Metcalf, or upon business or pleasure in which the defendant was concerned or had an interest."

So far the ruling was clearly, and we think admittedly, sound. Then the Judge using the disjunctive "or" said "or if the defendant riding with her daughter retained such control of the car as gave her the right to direct how it should go and who should drive it and how it should be driven then you may properly find that the defendant is responsible for the negligent acts of the daughter Georgia in driving the car."

The obvious meaning of this language is that the defendant may be held responsible without proof that the daughter was "acting in the service" of her mother other than the service of driving the car in which the mother was riding.

The very numerous cases involving the responsibility of an owner for the negligent operation, in his absence, of a car entrusted by him to his son or daughter or other person are, upon the issue of the correctness of the ruling, irrelevant.

Equally irrelevant are cases relating to cars in the possession of a bailee. In such instances the owner though riding in the car has no right to control its operation. Such right has been temporarily surrendered to the bailee.

An example of this class of cases is *Pease* v. *Montgomery*, 111 Maine, 582.

The only relevant authorities are those wherein is considered the effect of the presence in the car at the time of the accident of an owner having, though not actually exercising, the unrestricted right of direction and control.

Upon this precise issue the authorities which have come to our attention are few and are not in harmony.

A Wisconsin case contains a dictum opposed to the rule as given in the charge. A man found by the court to be the owner of the car was driving it. His father, the defendant was riding with him. The court said, "Even if the father owned the machine, under the evidence he would have to be classed as a guest therein." *Reiter* v. *Grober*, (Wis.), 181 N. W., 739.

In a Kansas case it is held that no liability attached to a car owner riding in his own car "which was in the possession, control and exclusive management of another responsible adult at the time of the tort." *Zeeb* v. *Bahnmier*, 103 Kan., 599, 176 Pac., 326.

To the same effect see *Potts* v. *Pardee*, 200 N. Y., 431.

On the other hand the Supreme Court of Arkansas says:—"If the owner of a car in which he is riding permits some other person to operate it, no matter whether it is his wife or child or friend—there is no reason why the relation of principal and agent should not be held to be subsisting between them." *Johnson* v. *Newman*, (Ark.), 271 S. W., 707.

The Iowa Court in a case somewhat resembling the instant case reasons thus:—"Neither can this appellant escape legal responsibility for the consequences of the collision by proof that he was himself wholly passive and took no part in the driving or management or control of the car. He was admittedly the owner of the car clothed with the right and authority to control it. He was present where had he been so minded he could have exercised such control. The driver was his own minor son, a boy of seventeen years subject to his authority and presumably engaged in his service. If the car was driven without proper lights or if it was being operated upon the public highway in the night-time at a reckless speed or without due care for the safety of others lawfully using such public way, the appellant was consenting thereto, tacitly at least, and the driver's negligence was his negligence." *Daggy* v. *Miller*, (Iowa), 162 N. W., 856. Moreover, the Judge's ruling is founded upon the Maine case of *Kelley* v. *Thibodeau*, 120 Maine, 402. In the case

cited the presiding Justice instructed the jury thus:—"If Mr. Thibodeau the defendant allowed him to drive the car simply for practice he (Thibodeau) having full control all the time of the car, having the right to direct how it should go and who should drive it and how it should be driven then Mr. Thibodeau is liable just the same, if the accident was due to negligence, as if it had been his own negligence that caused it." This ruling was sustained by the Law Court. It supports and justifies that in the pending case.

It is said that the rule enunciated in the Kelley Case, adopted in the instant case by the Judge of the Superior Court and here affirmed does violence to the general principle of non-liability for torts committed by others than one's self or servant. But the apprehension is groundless. The Arkansas Court answering this objection said "We have not departed from the elemental principles." *Johnson* v. *Newman,* supra. The driver of an automobile renders a constant service to those who are riding in the car. This is true notwithstanding the service is sometimes ill-performed. The driver is not the servant of the ordinary passenger because the element of right of control is wanting. But in the passenger who is also the owner (not a bailor) acceptance of service rendered is combined with right of control and opportunity for control. Every reason for the application of the doctrine of respondent superior is present.

The rule as given in the charge is a logical one. It is in line with the principle which runs through all the law of torts, that when one of two persons must suffer it shall be he who is guilty of some fault, though slight, rather than he who is blameless. The rule is a salutary one. It says to the passenger-owner of an automobile, the reckless driving of which has caused injury or perhaps death, "You shall not be permitted to 'shuffle yourself down to the bottom of the pack' as a 'mere passenger' and turn up a probably impecunious and irresponsible driver as the only person subject to legal liability."

There being no error in the charge it is not necessary to consider whether the car was being used in part for the defendant's pleasure. She was riding in her own car and the jury was justified in finding that "she retained such control of the car as gave her the right to direct how it should go and who should drive it and how it should be driven."

*Motion and Exceptions overruled.*