John R. Mallin, Hartford, Conn. (Anna Marie DiBartolo, Elia C. Walsh, Corcoran, Mallin & Aresco, P.C., of counsel), for plaintiff-appellant.

Hal M. Hirsch, Purchase, N.Y. (David L. Barrack, Howard P. Magaliff, Pamela J. Varin, Gainsburg & Hirsch), for defendants-appellees.

Before KEARSE and ALTIMARI, Circuit Judges, and TELESCA, District Judge.[1]

**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff–Appellant,**

v.

**COLONIAL REALTY COMPANY, Jonathan Googel, and Benjamin Sisti, Defendants–Appellees.**

No. 1026, Docket 91–5073.

United States Court of Appeals, Second Circuit.

Argued March 4, 1992.

Decided June 1, 1992.

TELESCA, Chief Judge:

As receiver to two insolvent lending institutions, the Federal Deposit Insurance Corporation ("FDIC") appeals from the District Court's affirmance of the order of the Bankruptcy Court directing the substantive consolidation of the bankruptcy estates of the defendant debtors—a general partnership and two of its general partners. On appeal to the District Court, the FDIC argued, *inter alia,* (i) that substantive consolidation was improper because it resulted in unfairness to the two insolvent banks, who had each loaned monies to the individual defendants and (ii) that the bankruptcy court was without authority to order such consolidation of two "natural" persons, since the Bankruptcy Code provides a basis for invoking the equitable doctrine of substantive consolidation only to permit the merger of the assets and debts of either (i) legal entities or (ii) legal entity/ies with a single natural entity.

---

1. Judge Michael A. Telesca, Chief Judge of the Western District of New York, sitting by designation.

On appeal to this Court, the FDIC raises a single issue: whether the equity jurisdiction of the bankruptcy court may be invoked to permit the substantive consolidation of the estates of a general partnership and two of its general partners who are individuals. Because we discern neither in the Bankruptcy Code nor in the principles of equity which are the foundation of the Code any prohibition against such consolidation, we affirm the District Court.

## BACKGROUND

Colonial Realty Company ("Colonial"), a Connecticut general partnership, invests in and manages real estate. Jonathan Googel ("Googel") and Benjamin Sisti ("Sisti") are two general partners in Colonial. Colonial both syndicated real estate limited partnerships and performed various management and financial functions with respect to the limited partnerships. Colonial, Googel, and Sisti are general partners in a number of such syndicated limited partnerships; the Trustee of the consolidated estate indicates that Colonial, Googel, and Sisti maintained ownership interests in at least 132 separate entities in at least 40 states.

Involuntary petitions in bankruptcy under Chapter 7 of the Bankruptcy Code were filed against Colonial, Googel, and Sisti September 14, 1990, in the United States Bankruptcy Court for the District of Connecticut. Although the bankruptcies were thereafter converted to Chapter 11 cases, they were subsequently reconverted to Chapter 7; contemporaneous with the reconversion of the estates of Googel and Sisti on August 24, 1991, the Bankruptcy Court substantively consolidated the three estates on the motion of Hal M. Hirsch, Trustee of the Colonial estate, and appointed Mr. Hirsch Trustee of the newly consolidated estate.

The FDIC, appearing as receiver of Community National Bank, formerly a national bank, and The Landmark Bank, formerly a Connecticut bank, which had each made loans to Googel and to Sisti as individuals prior to being declared insolvent in early 1991, opposed the motion for substantive consolidation. The decision of the Bankruptcy Court to permit the substantive consolidation of the three estates followed a six-day hearing. The Court granted the motion upon its finding that

> convincingly the witnesses have established the entanglement of these estates and the fact that creditors generally relied on the three entities when they dealt with all of them or one of them.

In support of its determination the Court "substantially adopt[ed] the allegations contained in the motion" and "credit[ed] fully the testimony of [the Trustee's] witnesses[.]" With respect to the sole issue raised on this appeal by the FDIC—the propriety of consolidating substantively the bankruptcy estates of a partnership and two of its general partners—the Bankruptcy Court stated only that the contention was "meritless and without any authority whatsoever."

In affirming the Bankruptcy Court, the District Court also dealt only briefly with this issue, stating:

> [A]ppellant has not drawn to our attention any authority for this proposition, which this court declines to accept on the mere assertion that "there is no case law to support setting aside of the independent existence of natural persons." (citation to Appellant's Brief omitted.) If Congress had intended to prevent the consolidation of unmarried "natural persons," it surely knew how to accomplish such an end.

Following the entry of the District Court's affirmance of the Bankruptcy Court order, this appeal ensued.

### Discussion

The substantive consolidation of estates in bankruptcy effects the combination of the assets and the liabilities of distinct, bankrupt entities and their treatment as if they belonged to a single entity. *See 5 Collier on Bankruptcy* § 1100.06, at 1100–33 (Lawrence P. King, ed., 15th ed. 1991). Substantive consolidation usually results not only in the pooling of assets and liabilities of two or more entities, but also in "satisfying liabilities from the resultant common fund; eliminating inter-[entity]

claims; and combining the creditors of the two [entities] for purposes of voting on reorganization plans." *In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d 515, 518 (2d Cir.1988) ("Augie/Restivo"). This consolidation "makes possible what has heretofore not been feasible, determination, allowance and classification by the trustee[ ] of claims of creditors prior to the preparation and submission of a plan of liquidation." *Chemical Bank N.Y. Trust Co. v. Kheel*, 369 F.2d 845, 847 (2d Cir.1966).

On appeal, the FDIC raises only the question of whether the bankruptcy court may order the substantive consolidation of the bankruptcy estates of two natural persons. There is no express authority for any substantive consolidation in the Bankruptcy Code. As this Court has stated, "[s]ubstantive consolidation has no express statutory basis but is a product of judicial gloss." *Augie/Restivo*, 860 F.2d at 518. Courts have consistently found the authority for substantive consolidation in the bankruptcy court's general equitable powers as set forth in 11 U.S.C. § 105. (West Supp.1992). *See, e.g., Augie/Restivo*, 860 F.2d at 518 n. 1. In relevant part, Section 105(a) provides that the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." By its very terms, Section 105(a) limits the bankruptcy court's equitable powers, which "must and can only be exercised within the confines of the Bankruptcy Code[,]" *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988), and "cannot be used in a manner inconsistent with the commands of the Bankruptcy Code." *In re Plaza de Diego Shopping Ctr., Inc.*, 911 F.2d 820, 830–31 (1st Cir.1990).

The FDIC argues that the substantive consolidation of the estates of non-spousal individuals is contraindicated by various provisions in the Bankruptcy Code, including the narrow provisions for the filing of a joint case and for the joint administration of cases. Its argument is unavailing. Section 302(a) of the Bankruptcy Code expressly provides that a married couple may file a joint petition in bankruptcy. Section·302(b) authorizes the bankruptcy court to determine whether and to what extent the estates of such married debtors "shall be consolidated." Bankruptcy Rule 1015(b) governs the consolidation referenced in Section 302(b), and permits the bankruptcy court, in its discretion, to order the joint administration of the estates of (1) a husband and wife, (2) a partnership and one or more of its general partners, (3) two or more general partners, or (4) a debtor and an affiliate. Bankr.Rule 1015(b), 11 U.S.C.A. (West Supp.1992.) The Advisory Committee Note following Rule 1015 expressly states that the Rule governs cases in which a husband and wife have filed a joint petition pursuant to Section 302 and that the "consolidation" contemplated in Section 302 and in the Rule itself is not substantive consolidation:

> Consolidation of cases implies a unitary administration of the estate.... This rule does not deal with the consolidation of cases involving two or more separate debtors. Consolidation of the estates of separate debtors may sometimes be appropriate, as when the affairs of an individual and a corporation owned or controlled by that individual are so intermingled that the court cannot separate their assets and liabilities. *Consolidation, as distinguished from joint administration, is neither authorized nor prohibited by this rule since the propriety of consolidation depends on substantive considerations and affects the substantive rights of the creditors of the different estates.* (emphasis added.)

*See also In re Crowell*, 53 B.R. 555, 557 (Bankr.M.D.Tenn.1985) (quoting *In re Stuart*, 31 B.R. 18 (Bankr.D.Conn.1983)) (" 'Section 302 is designed for ease of administration and to permit the payment of only one filing fee.... [and] separate estates will exist for each debtor unless and until the court orders substantive consolidation of the estates.' ").

The FDIC also argues that certain definitional provisions of the Code implicitly proscribe the substantive consolidation of the estates of non-spousal individuals. The Code provides that a bankruptcy case con-

cerns a "debtor", 11 U.S.C. §§ 301 and 303; that a "debtor" is either a "person" or a municipality, 11 U.S.C. § 109(a); and that a "person" may be an individual, a partnership, or a corporation, 11 U.S.C. § 101(35). The FDIC argues that this consistent syntactical use of the singular person evidences a strong bias in the Code for preserving the separateness of distinct estates, which precludes the substantive consolidation of the estates of non-spousal individuals. Neither the Code, its legislative history, nor the logic which orders any linguistic interpretation, provides any real support for this argument, and we are left to conclude that appellant has failed to establish that the substantive consolidation which was ordered in this case violates any "commands of the Bankruptcy Code." *In re Plaza de Diego*, 911 F.2d at 830–31. The propriety of such consolidation must, then, be determined solely in light of the principles and rules of equity.

Equity is "the correction of the law wherein it is defective by reason of its universality." 1 *Story's Equity Jurisprudence* 3 (W.H. Lyon, Jr., ed., 14th ed. 1918). Because "[e]very system of laws must necessarily be defective[,] cases must occur to which the antecedent rules cannot be applied without injustice, or to which they cannot be applied at all." Id. at 9. "[C]ourts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity." *Local Loan Co. v. Hunt*, 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934). In exercising the jurisdiction conferred upon it, the bankruptcy court "applies the principles and rules of equity jurisprudence." *Pepper v. Litton*, 308 U.S. 295, 304, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939).

We have neither found nor been cited to a case expressly upholding the substantive consolidation of the estates of a partnership and its general partners, although several cases have effected, without relevant discussion, similar substantive consolidations. *See, e.g., In re Nite Lite Inns*, 17 B.R. 367 (Bankr.S.D.Cal.1982) (substantive consolidation of estates of corporations, partnership, and individual debtors); *In re Oxridge Investment Group*, 43 B.R. 418 (Bankr.D.N.H.1984) (substantive consolidation of partnership, corporate, and individual debtors, estates); *In re Safren*, 65 B.R. 566 (Bankr.C.D.Cal.1986) (referring to substantive consolidation of estates of four individual debtors by confirming joint plan of reorganization).

Moreover, without expressly approving consolidation of the estates of two natural persons, *Collier on Bankruptcy* acknowledges the propriety of substantive consolidation among different types of entities:

In substantive consolidation cases, the relationship between [the] entities ... is far more important than the nature of such entities. Thus, the assets and liabilities of an individual debtor and an affiliated corporation can be consolidated as can assets and liabilities of (i) an individual and one or more partnerships, (ii) affiliated partnerships, (iii) affiliated partnerships and corporations, and (iv) affiliated corporations.... The result is that substantive consolidation cases are to a great degree *sui generis*.

5 *Collier on Bankruptcy* 1100.06[1], at 1100–34—1100–35 (15th Ed.1991).

The FDIC argues, however, that substantive consolidation springs from the equitable doctrine of piercing the corporate veil, which authorizes a court to disregard the corporate fiction when it shields or advances fraud, and therefore should not be invoked to merge the estates of individuals. While this Court has recognized that the "power to consolidate is one arising out of equity, enabling a bankruptcy court to disregard separate corporate entities, to pierce their corporate veils in the usual metaphor, in order to reach assets for the satisfaction of debts of a related corporation[,]" *In re Continental Vending Mach. Corp.*, 517 F.2d 997, 1000 (2d Cir.1975), *cert. denied sub nom. James Talcott, Inc. v. Wharton*, 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317 (1976) (citations omitted), the comparison of the two doctrines is not entirely apt. Initially, it should be noted that, unlike substantive consolidation, piercing the corporate veil "does not sound solely in equity." *Wm. Passalacqua Builders v. Resnick Developers South, Inc.*, 933 F.2d

131, 136 (2d Cir.1991); *see also* J. Stephen Gilbert, Note, *Substantive Consolidation in Bankruptcy: A Primer*, 43 Vand. L.Rev. 207, at II.G.2. (terming the metaphor of substantive consolidation and piercing the corporate veil "misplaced"). The focus of piercing the corporate veil is the limited liability afforded to a corporation, and "[l]iability therefore may be predicated either upon a showing of fraud or upon complete control by the dominating corporation that leads to a wrong against third parties." *Passalacqua*, 933 F.2d at 138. Substantive consolidation, on the other hand, has a narrower focus: "the equitable treatment of all creditors[,]" *Augie/Restivo*, 860 F.2d at 518, and it turns on "two critical factors: (i) whether creditors dealt with the entities as a single economic unit and 'did not rely on their separate identity in extending credit,'; or (ii) whether the affairs of the debtors are so entangled that consolidation will benefit all creditors." *Id.* at 518 (citations omitted.)

Certainly this Court has insisted that substantive consolidation be invoked "sparingly because of the possibility of unfair treatment of creditors." *Kheel*, 369 F.2d at 847; *see, e.g., Augie/Restivo*, 860 F.2d at 518; *In re Continental Vending Machine Corp.*, 517 F.2d at 1001; *In re Flora Mir Candy Corp.*, 432 F.2d 1060, 1062–63 (2d Cir.1970). That threat of unfairness arises when "the entities to be consolidated ... have different debt-to-asset ratios [which effectively and] 'almost invariably redistributes wealth among the creditors of the various entities.'" *Eastgroup Properties v. Southern Motel Assoc., Ltd.*, 935 F.2d 245, 248 (11th Cir.1991) (quoting *In re Auto–Train Corp.*, 810 F.2d 270, 276 (D.C.Cir.1987)); *see also Matter of Walsh Construction, Inc.*, 669 F.2d 1325, 1330 (9th Cir.1982).

█ Only through a searching review of the record, on a case-by-case basis, can a court ensure that substantive consolidation effects its sole aim: fairness to all creditors. *Augie/Restivo*, 860 F.2d at 518: *In re Auto–Train*, 810 F.2d at 276. Had the FDIC raised on appeal the arguments it raised to the district court—not only the court's lack of authority to effect such a consolidation but also the impropriety of this consolidation because it results in unfairness to the banks which lent money to the individual debtors—this Court would be required to determine whether a sufficiently "searching inquiry" had been undertaken below "to ensure that consolidation yields benefits offsetting the harm it inflicts on objecting parties." *In re Auto–Train*, 810 F.2d at 276. That issue, requiring a concomitant analysis under the "critical factors" identified in *Augie/Restivo*, 860 F.2d at 518, is simply not before this Court on this appeal, which challenges only the power of the bankruptcy court to order the substantive consolidation of the estates of a partnership and its general partners. There is simply no basis, in either these "critical factors" or in their underlying equitable considerations, for a blanket proscription of their application to the bankruptcy estates of individuals.

Accordingly, the order of the District Court is affirmed.