**In re Richard LAMANNA, Debtor.**

**Bankruptcy No. 97–10660.**

United States Bankruptcy Court, D. Rhode Island.

May 6, 1997.

18

Peter Berman, Raskin & Berman, Providence, RI, for Debtor.

Louis A. Geremia, Geremia, DeMarco & Christelis, Providence, RI, Chapter 7 Trustee.

### ORDER DISMISSING CASE UNDER 11 U.S.C. § 707(b)

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on April 10, 1997, on the Court's Order to Show Cause why the case should not be dismissed pursuant to 11 U.S.C. § 707(b). Section 707(b) provides that:

After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of

granting the relief requested by the debtor.

11 U.S.C. § 707(b).

These are the relevant facts, and they are undisputed: (1) the Debtor's monthly net income is $1,350.96. See Schedule I; (2) his monthly expenses are $580. See Schedule J; (3) his income exceeds his expenses by $770.96 per month; (4) the Debtor has total unsecured debt of $15,911.72 which is primarily consumer debt. See Schedule F; (5) Mr. Lamanna is eligible to be a debtor under Chapter 13 of the Bankruptcy Code; (6) this Debtor is capable of paying 100% of his debts over three years, by making monthly payments of $491.10 to the Chapter 13 Trustee.

The Debtor presented no evidence, but argues that, notwithstanding that he has excess income of $770.96 per month, Section 707(b) should not apply to a twenty-eight year old individual who lives with his mother and whose income is only slightly above the poverty level. Concerned that the very modest expenses reported by the Debtor might have been understated, the Court inquired as to whether there was anticipated any increase in his expenses in the foreseeable future, but Debtor's counsel replied in the negative. We find that Section 707(b) is applicable to the instant case.

In determining substantial abuse under 707(b), this Court applies the "totality of circumstances" test, weighing the facts in each case. See In re Haffner, 198 B.R. 646 (Bankr.D.R.I.1996); see also In re Krohn, 886 F.2d 123, 126 (6th Cir.1989); In re Snow, 185 B.R. 397, 401 (Bankr.D.Mass.1995); In re Mastromarino, 197 B.R. 171, 176 (Bankr. D.Me.1996). We quote with approval the following language from Krohn:

Substantial Abuse can be predicated upon either lack of honesty[1] or want of need.

. . .

Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to warrant dismissal. For example, a court would not be justified in concluding

---

1. The Debtor's honesty is not an issue—he is forthright.

that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease. Other factors relevant to need include whether the debtor enjoys a stable source of future income, whether he is eligible for adjustment of his debts through Chapter 13 of the Bankruptcy Code, whether there are state remedies with the potential to ease his financial predicament, the degree of relief obtainable through private negotiations, and whether his expenses can be reduced significantly without depriving him of adequate food, clothing, shelter and other necessities.

886 F.2d at 126; *see also Haffner,* 198 B.R. at 648–49; *Snow,* 185 B.R. at 401. Mr. Lamanna has sufficient disposable income to liquidate all of his debts with relative ease and, in fact, he would still have $279.86 left after his monthly payment to the Chapter 13 trustee, even under a 100% plan. These cases are fact specific and in this instance the payment of these debts would not deprive the Debtor of adequate food, shelter, clothing, or other necessities. Because the numbers here are on a smaller scale than most does not alter or relieve the Debtor of his Section 707(b) responsibility, and having failed to show cause why the case should not be dismissed under Section 707(b), it is so ORDERED. Our normal practice is to stay the Order of Dismissal for ten days to allow conversion to Chapter 13, however, the Debtor indicated that such a stay is unnecessary as he had no intention of converting to Chapter 13, but that he would appeal this Order.

Accordingly, in the event the Debtor prevails on the appeal, our Order of Dismissal is stayed, as are *all* matters in this bankruptcy case, including the convening of the Section 341 meeting, entry of discharge, and the administration of the estate by the Trustee.

Enter Judgment consistent with this order.