**In re Rodney A. BLAIR, Debtor.**

**Bankruptcy No. 97–10294.**

United States Bankruptcy Court,
D. Maine.

Oct. 16, 1997.

Eugene J. McLaughlin, Jr., Presque Isle, ME, for Debtor.

Robert Checkoway, U.S. Trustee, Portland, ME.

## MEMORANDUM OF DECISION

JAMES B. HAINES, Jr., Bankruptcy Judge.

Before the court is the United States Trustee's motion seeking dismissal of Rodney A. Blair's voluntary Chapter 7 petition pursuant to Code § 707(b).[1] For the reasons set forth below, I conclude that granting the debtor Chapter 7 relief would be substantial abuse and, therefore, that his bankruptcy case will be dismissed unless he voluntarily converts to Chapter 13 within ten days.

### FACTS

Blair's most recent Chapter 7 petition, filed March 12, 1997, is his third, and his second in just over six years. Schedules I and J, filed with the petition, disclose monthly income of $3,378.20, consisting exclusively of disability and retirement benefits, and monthly expenses of $1,741.41. Schedule F lists total unsecured indebtedness at $70,940.28.

Blair is a disabled Vietnam veteran with significant health problems, including arteriosclerosis, post traumatic stress disorder, and multiple heart attacks. Treatment for these conditions has not been particularly successful. Health issues have left Blair anxious and pessimistic.

Over the course of the last few years, Blair has strained his personal resources by regularly assisting family members in financial distress, including his and his wife's grown children. As a consequence, his own creditors, including those who provide him with day to day services such as utilities, gasoline and heating oil, have gone wanting.

### DISCUSSION

■ In *In re Mastromarino*, 197 B.R. 171, 176–77 (Bankr.D.Me.1996), I adopted a "totality of the circumstances" approach to determine whether a debtor's resort to Chapter 7 constitutes "substantial abuse":

I will employ the "totality of the circumstances" approach because, whatever "substantial" abuse means it implies that the bankruptcy court's analysis should involve weighing each debtor's circumstances case-by-case. In assessing the debtor's circumstances, the ability to repay prepetition debt is an important factor. In some cases it *may* alone warrant dismissal.

It is unnecessary to chose among the various formulations of the "totality of circumstances" analysis. Taken together they address factors touching upon financial need (*e.g.*, income and expenses, budget, job/income stability); alternatives to liquidation bankruptcy (*e.g.* Chapter 13 eligibility, state law remedies, prospects for negotiation); mitigating circumstances (*e.g.*, recent job loss, illness, disability or other "calamity"); aggravating circumstances (*e.g.*, lavish life style, incurring credit and taking cash advances beyond ability to pay); and general "honesty" (*e.g.*, accuracy of schedules, forthright disclosure).

*Id.* (citations and footnotes omitted).

■ The debtor's sworn schedules have significant evidentiary weight when applying the totality of circumstances test under § 707(b). *See id.* at 177 (quoting *In re Snow*, 185 B.R. 397, 402 (Bankr.D.Mass.1995)). Blair does not contest that, taking into account all of his monthly income, his schedules demonstrate an ability to make *"very substantial"* payments on his unsecured obligations, *In re Snow*, 185 B.R. at 402–03, or that those obligations are "primarily consumer debts." *See In re Mastromarino*, 197 B.R. at 174.[2]

Ultimately, the question whether United State Trustee's motion should be granted turns on two issues.

■ The first issue is whether I may consider the disability benefits upon which

1. This memorandum sets forth findings of fact and conclusions of law in accordance with Fed. R. Bankr.P. 7052 and Fed.R.Civ.P. 52. Unless otherwise designated, all references to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, (the "Bankruptcy Code" or "Code"), 11 U.S.C. § 101 *et seq.*

2. At trial, Blair testified that the schedules and statements he filed with his voluntary petition accurately disclosed his financial situation and that his personal circumstances had not substantially changed between filing and trial.

the debtor lives, and which the United States Trustee concedes are otherwise exempt from creditor collection processes, as providing funds appropriately considered within the "ability to pay" component of § 707(b) analysis. I readily conclude that they do. Courts addressing the issue consistently have determined that pension and disability income is properly considered in determining "disposable income" available to fund a Chapter 13 plan. *See generally Stuart v. Koch, (In re Koch )*, 109 F.3d 1285, 1289 (8th Cir.1997) (worker's compensation); *In re Lush,* 213 B.R. 152 (Bankr.C.D.Ill.1997) (worker's compensation); *Hagel v. Drummond, (In re Hagel )*, 184 B.R. 793 (9th Cir. BAP 1995) (social security disability); *In re Morse,* 164 B.R. 651, 653–57 (Bankr.E.D.Wash.1994) (social security and military pension); *In re Rogers,* 168 B.R. 806 (Bankr.M.D.Ga.1993) (Naval retirement benefits); *In re Schnabel,* 153 B.R. 809, 815 (Bankr.N.D.Ill.1993) (pension and social security); 2 Keith M. Lundin, Chapter 13 Bankruptcy § 5.35 (2d ed. 1994 & Supp. 1996). *But cf. Solomon v. Cosby (In re Solomon )*,67 F.3d 1128 (4th Cir.1995) (excluding individual retirement accounts from disposable income analysis); *In re Kerr,* 199 B.R. 370 (Bankr.N.D.Ill.1996) (excluding proceeds from sale of exempt real estate from disposable income calculation). Taking that income into account, Blair has considerable "ability to pay." [3]

■ Now for the second (and ultimate) issue. Given the totality of Blair's circumstances, including his demonstrated ability to make a substantial payment to his unsecured creditors over time, I conclude that providing Blair Chapter 7 relief would be a substantial abuse.

Although Blair's medical condition is not good, there is no evidence indicating that Chapter 13 proceedings would be deleterious to his health. *See cf. In re Haffner,* 198 B.R. at 650 (finding Debtor's respiratory illness "neither unique nor disabling" and therefore not grounds for special consideration in court's § 707(b) dismissal). Indeed, given that Blair is disabled and that funding a plan would require no physical or mental exertion on his part, his current medical condition is not a compelling circumstance.

Chapter 13 represents one alternative to a liquidation bankruptcy for Blair. Moreover, Blair might well be able to negotiate a satisfactory resolution of his financial problems without bankruptcy relief of any character if he were to confine his personal expenditures to paying his *own* creditors, rather than those of persons whom he chooses, but is not legally obligated, to support. *See In re Mastromarino,* 197 B.R. at 178–79 (disregarding expenses attributable to debtor's support of others whom he was not required to support). *See also In re Haffner,* 198 B.R. at 649 (disparaging Debtor's attempt to inflate expenses for purposes of § 707(b) inquiry by including expenses of non-debtor wife and non-adopted step-children).

■ Although this case does not present aggravating circumstances, and I do not doubt Blair's honesty, I do conclude that his is not a case of financial need without readily available alternatives to Chapter 7 relief. *See In re Krohn,* 886 F.2d 123, 126 (6th Cir.1989) (holding that "[s]ubstantial abuse can be predicated upon either lack of honesty or want of need"); *In re Adams,* 206 B.R. 456, 460–61 (Bankr.M.D.Tenn.1997) (identifying "lack of honesty" and "want of need" as distinct grounds for a § 707(b) dismissal). Thus, I will grant the United States Trustee's motion.[4] With disposable income of over

---

3. Although Chapter 13 eligibility is not essential to § 707(b)'s application, *see In re Mastromarino,* 197 B.R. at 177, applying Chapter 13 disposal income analysis to a debtor's circumstances is the appropriate way to assess ability to pay for § 707(b) purposes. *Id.; see In re Koch,* 109 F.3d at 1288 (observing that "ability to pay for § 707(b) purposes is measured by evaluating Debtor's financial condition in a hypothetical Chapter 13 proceeding"); *In re Lamanna,* 210 B.R. 17 (Bankr.D.R.I.1997) (analyzing Chapter 13 disposable income eligibility in determining appropriateness of dismissal pursuant to

§ 707(b)); *In re Haffner,* 198 B.R. 646, 648–49 (applying an ability to pay standard in denying Debtor discharge pursuant to § 707(b)); *In re Morse,* 164 B.R. at 653 (noting that court "must [ ] determine whether Debtors can fund a Chapter 13 plan" when undertaking a § 707(b) substantial abuse analysis).

4. I grant the motion only after considering carefully that bankruptcy relief is favored and that I should give the benefit of the doubt, to the debtor, dismissing for substantial abuse only where it

$1,600.00 a month, Blair should not be permitted to walk away from his own creditors while he, even with the best of intentions, spends his money elsewhere.

### CONCLUSION

For the reasons set forth above, the United States Trustee's motion to dismiss is conditionally granted. If the debtor does not convert his case to a proceeding under Chapter 13 within ten days of the date of this order, the case will be dismissed.

is clear. *See In re Haffner,* 198 B.R. at 649; *In re Mastromarino,* 197 B.R. at 177; *In re Snow,* 185 B.R. at 402.