## In re Rodney A. and Darlene M. BLAIR, Debtors

### Bankruptcy No. 98–10697.

United States Bankruptcy Court, D. Maine.

Nov. 2, 1998.

---

Peter S. Kelley, Caribou, ME, for Debtors.

Robert Checkoway, Assistant United States Trustee, Portland, ME, for United State Trustee.

### Memorandum of Decision

JAMES B. HAINES, Jr., Chief Judge.

Before me are the United States Trustee's motion seeking dismissal of Rodney Blair's Chapter 7 case as a "substantial abuse" under § 707(b) of the Bankruptcy Code and the joint debtors' motion seeking substantive consolidation of their bankruptcy cases.[1] For the reasons set forth below, I conclude that the consolidation motion will be denied

---

1. This memorandum sets forth my conclusions of law in accordance with Fed. R. Bankr.P. 7052 and Fed.R.Civ.P. 52. The facts are not disputed.

Unless otherwise indicated, all citations to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101 *et seq.*

and that Rodney Blair's case will be dismissed.

## Background

Rodney's latest Chapter 7 petition, a joint petition with his wife, Darlene, was filed on April 27, 1998. It is not his first. In March 1997, Rodney Blair filed a voluntary, individual Chapter 7 petition. On the U.S. Trustee's motion, I concluded that Rodney's ability to pay a significant portion of his individual debts warranted dismissal of his case unless he chose to proceed under Chapter 13. *See In re Blair*, 214 B.R. 257, 259 (Bankr.D.Me. 1997). At that time I observed that Rodney's debts were primarily consumer debts and that, "taking into account all of his monthly income," he had the ability to make " 'very substantial' " payments to his unsecured creditors. *Id.* at 258 (quoting *In re Snow*, 185 B.R. 397, 402–03 (Bankr.D.Mass. 1995)). After determining that the disability benefits that fund Rodney's budget could properly be considered in determining "disposable income" available to fund a Chapter 13 plan, I applied the "totality of the circumstances" test and observed:

> Although Blair's medical condition is not good, there is no evidence indicating that Chapter 13 proceedings would be deleterious to his health. Indeed, given that Blair is disabled and that funding a plan would require no physical or mental exertion on his part, his current medical condition is not a compelling circumstance.

> Chapter 13 represents one alternative to a liquidation bankruptcy for Blair. Moreover, Blair might well be able to negotiate a satisfactory resolution of his financial problems without bankruptcy relief of any character if he were to confine his personal expenditures to paying his *own* creditors, rather than those of persons whom he chooses, but is not legally obligated, to support.

*Id.* at 259 (citations omitted). I ordered the case dismissed if it were not converted to Chapter 13 at once. In response, Rodney converted, reconsidered, and dismissed his case.[2]

As far as Rodney is concerned, but for the passage of time, the pending case differs little from the 1997 case. His income is substantially unchanged. His individual debts, primarily consumer in character, could be substantially repaid in Chapter 13.[3] Rodney asserts that this case is materially different in that Darlene has joined the petition as a joint debtor. He points to Darlene's substantial (as yet unliquidated) liabilities stemming from an early 1997 automobile accident in which she (but not Rodney) was involved. Although Rodney claims a share of those liabilities, listing them as "joint" obligations in the bankruptcy schedule, there is no evidence before me to support any theory under which he might be held liable on them.[4]

In an attempt to overcome the logic of the U.S. Trustee's position, Rodney and Darlene countered the § 707(b) motion with a motion seeking to substantively consolidate their estates. An order granting the Blair's motion would ensure that Rodney's liabilities encompass Darlene's (and hers, his).

## Discussion

### 1. Substantive Consolidation

Rodney and Darlene filed their case jointly under § 302(a) which provides:

---

2. Although not a material consideration in today's proceedings, it is worth mentioning that the 1997 case was not Rodney's first brush with bankruptcy, either. Rodney filed for Chapter 7 relief on two previous occasions, once with Darlene in 1990.

3. The U.S. Trustee's calculations demonstrate that, even if Rodney is liable for *all* scheduled debts other than those arising from Darlene's automobile accident, discussed *infra*, he could fund a Chapter 13 plan that would pay a 100% dividend to his unsecured creditors in under three years.

4. Rodney testified in 1997 that Darlene, not he, was involved in the accident. Maine does not recognize the "family purpose" doctrine under which, without more, one spouse may be held vicariously liable for the negligent operation of a motor vehicle while pursuing family business or interests. *See Pelletier v. Mellon Bank, N.A.*, 485 A.2d 1002 (Me.1985); *cf. Fuller v. Metcalf*, 125 Me. 77, 130 A. 875 (Me.1925)(child may be "servant" of parent who holds right to control manner of vehicle's operation).

A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C. § 302(b). However, as § 302(b) makes clear, the filing of a joint petition does not, by itself, consolidate the estates and their concomitant liabilities: "After the commencement of a joint case, the court shall determine the extent, if any, to which the debtor's estates shall be consolidated." § 302(b). One commentator has summarized the differences between joint administration and substantive consolidation as follows:

Substantive consolidation must not be confused with the related procedure of joint administration. Joint administration is a procedure by which courts hear two or more related cases of entities that have filed bankruptcy petitions as a single case. The purpose of joint administration is to make case administration easier and less costly. The process has been called a "creature of procedural convenience," because it avoids the duplication of effort that would result if cases involving related debtors were to proceed separately.

The most significant difference between joint administration and substantive consolidation is that joint administration requires the estate of each debtor to be kept separate and distinct. Joint administration does not affect the substantive rights of creditors and other interested parties. Thus, administrative efficiency is achieved without sacrificing the parties' substantive rights. Conversely, substantive consolidation effects a merger of the consolidated debtors' estates, which creates a single estate that is recognized throughout the remaining bankruptcy process.

J. Stephen Gilbert, *Substantive Consolidation in Bankruptcy: A Primer*, 43 Vand. L.Rev. 207, 212 (1990)(footnotes omitted). *See also* Fed. R. Bankr.P. 1015(b)(court may order joint administration of estates of husband and wife); Fed. R. Bankr.P.2009(a)(single trustee may oversee jointly administered estates); Fed. R. Bankr.P.2009(e)(trustee shall keep separate accounts for each jointly administered estate); Tisha Morris Federico, *The Impact of the Defense of Marriage Act on Section 302 of the Bankruptcy Code and the Resulting Renewed Interest in the Equitable Doctrine of Substantive Consolidation*, 103 Com. L.J. 82, 83–87 (1998). After substantive consolidation, "the consolidated estates create a single fund from which all of the claims of the consolidated debtors are satisfied." Gilbert, *supra*, at 209. *See also FDIC v. Colonial Realty Co.*, 966 F.2d 57, 58 (2d Cir.1992); *Eastgroup Properties v. Southern Motel Assoc., Ltd.*, 935 F.2d 245, 248 (11th Cir.1991); *Smith v. Mortgage Funding Corp. (In re Smith and Kourian)*, 216 B.R. 686, 687 n. 2 (1st Cir. BAP 1997); James F. Queenan et al., *Chapter 11 Theory and Practice* § 24.01 (1994).

Of course, if substantive consolidation is appropriate, I must consider the U.S. Trustee's dismissal motion in light of the Blairs' consolidated assets and consolidated liabilities and must necessarily consider the totality of their joint circumstances in assaying whether granting them Chapter 7 relief would constitute a "substantial abuse."

 Substantive consolidation is an equitable doctrine. *See e.g., Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1105 (11th Cir.1994); *Colonial Realty Co.*, 966 F.2d at 59; *In re Smith and Kourian*, 216 B.R. at 687 n. 2; *see generally* 4 Queenan, *supra*, §§ 24.01–24.22. Substantive consolidation of joint debtors' separate estates is a matter within my discretion, *see* Fed. R. Bankr.P. 1015 advisory committee's note, but that discretion must be exercised to effect a fair result to the parties whose interests will be affected (*viz* creditors). *See In re Birch*, 72 B.R. 103, 106 (Bankr.D.N.H.1987)(spouses' estates would not be consolidated because to do so would affect the creditors of each differently and the estates were not inextricably entwined); *In re Snider Brothers*, 18 B.R. 230, 234 (Bankr.D.Mass.1982)("[T]he only real criterion is . . . the economic prejudice of continued debtor separateness versus the economic prejudice of consolidation.").

■ Absent substantive consolidation, Rodney's creditors may look to Rodney's assets (and, in Chapter 13 or outside bankruptcy, Rodney's assets and earnings) for satisfaction of their claims. Darlene's creditors may look to Darlene. Since Rodney has almost $2,000.00 per month of income in excess of his living expenses,[5] and since Darlene has only $100.00 per month in gross income, substantive consolidation would result in Rodney's dollars going to pay Darlene's (unliquidated but substantial) individual debts. As a consequence, Rodney's creditors' repayment potential would be diluted significantly.

The U.S. Trustee has summed up the situation accurately:

> Rodney's creditors and the couple's joint creditors ... face a different result depending on consolidation: If his case is dismissed, or if he converts to Chapter 13, they stand to receive substantial repayment; if the cases are consolidated and the Motion to Dismiss denied, they stand to receive nothing. By this simple test alone[,] consolidation is inappropriate, having as it would such disparate effects on the two creditor groups. Moreover, only the debtors' interest[s] would be served by consolidation.
>
> Perhaps if the debtors had sought consolidation as part of a Plan under Chapter 13, on terms which both gave to and took from creditors, their motion would be more appealing. Where it is only made to defend Rodney's fourth petition against dismissal, seeking to dilute his repayment ability by his wife's liabilities, the motion should be denied.

(U.S. Trustee's Reply Mem. to Debtors' Opp'n to Mot. to Dismiss, at 6.)

I agree completely. The debtors' motion for substantive consolidation is denied.

### 2. The § 707(b) Motion

■ The First Circuit has recently adopted the "totality of the circumstances" test for § 707(b) motions, emphasizing that a debtor's ability to repay his debts out of his future disposable income is a significant factor in the calculus.

> We adopt the "totality of the circumstances" test as the measure of "substantial abuse" under § 707(b) of the Bankruptcy Code. In doing so, we join the Fourth, Sixth, Eighth and Ninth Circuits in holding that a consumer debtor's ability to repay his debts out of future disposable [income] is not a per se "substantial abuse" mandating dismissal. At the same time, we do not require a court to look beyond the debtor's ability to repay if that factor warrants the result. We explicitly reject the notion that "substantial abuse" refers only to bad faith acts, although a court may consider a debtor's bad faith acts in making its decision.

*First USA v. Lamanna (In re Lamanna),* 153 F.3d 1, 2 (1st Cir.1998).

■ I have previously assessed the totality of Rodney's circumstances and determined that his is not a situation in which Chapter 7 relief might be afforded without working a substantial abuse. *See In re Blair,* 214 B.R. at 259–60. His circumstances remain materially unchanged. I will, therefore, grant the U.S. Trustee's § 707(b) motion.[6]

### Conclusion

Rendering unto Rodney (only) what is Rodney's, the debtors' motion for substantive consolidation is DENIED. As to Rodney alone, this Chapter 7 case is DISMISSED.

---

**5.** For present purposes, I continue to assume that all of Rodney and Darlene's monthly household expenses may be appropriately considered as obligations for which Rodney is liable.

**6.** Given Rodney's seemingly unquenchable thirst for Chapter 7 relief, I caution him, as well as any counsel he may retain, that, absent a significant change of circumstances, another voluntary Chapter 7 filing may be met with sanctions appropriate to the case. *See* 11 U.S.C. § 105(a).