**In re Jone Kay BOTTORFF, Debtor.**

**Bankruptcy No. 98–51064–2–13.**

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

April 21, 1999.

Frank E. Brown, for debtor.

Richard V. Fink, Kansas City, MO, trustee.

### *ORDER*

JERRY W. VENTERS, Bankruptcy Judge.

This case came before the Court on April 12, 1999, for confirmation of the Chapter 13 Plan filed by the Debtor, Jone Kay Bottorff. The Trustee has objected to confirmation of the Plan on grounds that the Debtor and her non-filing spouse have excess income of $1,345.00 per month, but that the Debtor is proposing to pay only $434.00 per month to the Trustee under the Plan. This raises the question of whether the Plan filed by the Debtor has been proposed in good faith, as required by § 1325(a)(3) of the Bankruptcy Code. For the reasons stated herein, confirmation of the Debtor's Plan will be denied and the Debtor will be given an opportunity to file an Amended Plan, if she wishes to do so.

The Debtor was married to her present husband in February 1998. The Debtor has net monthly income of $1,828.00, and her non-filing husband has net income of $2,792.00 a month, resulting in total net income to the couple of $4,620.00 per month. Their household living expenses are $3,275.00 per month, which leaves an excess of $1,345.00 above and beyond their necessary living expenses. The Trustee does not challenge the reasonableness of these living expenses.

The Debtor's argument can be summed up as follows: The Debtor has approximately 15 unsecured creditors who are owed approximately $31,647.00; all of these debts are her debts, and none of the debts are debts of her present husband; the debts were accumulated before the Debtor married her present spouse; and he has not benefitted from the debts incurred by the Debtor. Therefore, the Debtor contends, her spouse's income should not be considered in determining the Debtor's disposable income that would be available for performance of the Plan, as required under 11 U.S.C. § 1325(b)(2).

The Debtor further argues that, if one-half of the household living expenses are attributed to the Debtor wife, her share of the expenses would be $1,637.50, and it would leave her with a disposable income of only $190.50 per month (net income of $1,828.00 minus living expenses of $1,637.50). The Debtor's proposed Plan provides for payments of $434.00, which she contends are reasonable and appropriate, inasmuch as the payments are significantly higher than her monthly disposable income. However, this result can be reached only if the non-filing spouse's monthly disposable income is completely ignored.

The Court's research has disclosed no reported cases in the Eighth Circuit addressing this issue. However, bankruptcy courts in other jurisdictions have consistently interpreted § 1325 to require the consideration of a non-debtor spouse's income in determining the debtor's disposal income and, ultimately, the debtor's good faith in proposing the Chapter 13 plan. See *In re Kitchens,* 702 F.2d 885 (11th Cir.1983); *In re Cardillo,* 170 B.R. 490, 492 (Bankr.D.N.H.1994); *In re Saunders,* 60 B.R. 187, 187–88 (Bankr.N.D.Ohio 1986); *In re Kern,* 40 B.R. 26, 28–29 (Bankr.S.D.N.Y.1984). Likewise, the judges in this District have traditionally required that the non-filing spouse's income and expenses be scheduled and considered in determining the amount of disposable income that is available to fund a Chapter 13 plan and in determining whether a debtor's plan is filed in good faith. I believe that such a requirement is appropriate and reasonable, and that such income and expenses must be considered for the stated purposes.

The courts considering this issue have not, however, necessarily required that *all* excess income, even that belonging to the non-debtor spouse, be dedicated to fund the plan in order to comply with § 1325(b)(1)(B). For example, it would be appropriate to include in expenses the payments that are required to service the debts of the non-debtor spouse. Also, it would not be inappropriate for the budget to include a reasonable reserve or contingency fund to meet unusual or extraordinary expenses. See *Matter of Belt,* 106 B.R. 553, 562–63 (Bankr.N.D.Ind.1989).

Because the Debtor in this case has not given adequate weight and consideration to her husbands's income, as well as his necessary and reasonable expenses, the Court finds that the Debtor's Plan has not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3) and cannot be confirmed. The Court will not attempt to suggest any specific amount that would meet the good faith requirements of the Code, but would suggest that the Debtor consider proposing a substantial increase in the Plan payments over what has been proposed.

For the reasons stated herein, it is

**ORDERED** that confirmation of the Debtor's proposed Chapter 13 Plan be and is hereby DENIED. It is

**FURTHER ORDERED** that the Debtor shall have 20 days from the date of entry of this Order in which to propose an Amended Chapter 13 Plan.

SO ORDERED.