**In re Patricia STAMPLEY, Debtor.**

No. 10–40289.

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Oct. 21, 2010.

826

Leon A. Gant, Detroit, MI, for Debtor, Patricia Stampley.

Kelley Callard, United States Trustee, Detroit, MI, for U.S. Trustee.

### Corrected Order Granting U.S. Trustee's Motion to Dismiss Under 11 U.S.C. § 707(b)

STEVEN RHODES, Bankruptcy Judge.

#### I.

The United States Trustee has filed a motion to dismiss this case for abuse under 11 U.S.C. § 707(b). The debtor filed a response in opposition to the motion. For the reasons stated below, the motion is granted.

Where debts are primarily consumer debts, as in this case, the court may, after notice and a hearing, dismiss a Chapter 7 petition "if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7]." 11 U.S.C. § 707(b)(1). Under § 707(b)(3), in determining whether granting relief would be an abuse, the court is required to consider "(A) whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." 11 U.S.C. § 707(b)(3)(A) and (B).

The U.S. Trustee contends that under *In re Krohn*, 886 F.2d 123 (6th Cir. 1989), a chapter 7 case is subject to dismissal for abuse if the debtor can pay a meaningful dividend to her creditors in a chapter 13 case. The debtor does not contest that view of *In re Krohn*. The Court agrees.

In determining whether the debtor can pay a meaningful dividend to creditors, the Court must determine the debtor's net disposable income. In a case where a married debtor files individually, "courts base their calculation of the debtor's disposable income on the debtor's family budget, including the income and expenses of

the nondebtor spouse." *In re Carter,* 205 B.R. 733, 735 (Bankr.E.D.Pa.1996). *See also In re Welch,* 347 B.R. 247, 252 (Bankr. W.D.Mich.2006); *In re McNichols,* 249 B.R. 160, 169 (Bankr.N.D.Ill.2000); *In re Bottorff,* 232 B.R. 171, 173 (Bankr. W.D.Mo.1999). "Failure to consider the impact of the nondebtor spouse's income and proposed expenditures therefrom would leave the debtor's unsecured creditors to subsidize the spouse's expenses." *McNichols,* 249 B.R. at 173. *See also In re Williamson,* 296 B.R. 760, 764 (Bankr. N.D.Ill.2003); *In re Schnabel,* 153 B.R. 809, 818 (Bankr.N.D.Ill.1993); *In re Kern,* 40 B.R. 26, 29 (Bankr.S.D.N.Y.1984).

According to the debtor's amended Schedule I, her monthly net income is $4,705.54 and her husband's monthly net income is $2,450.89, for a total monthly household income of $7,156.43. The debtor's Schedule J shows monthly household expenses of $6,991.52. The debtor's household, therefore, has a monthly surplus of $164.91.

The U.S. Trustee contends that the case constitutes an abuse of chapter 7 for four reasons. First, the debtor has a monthly surplus that can be used to fund a chapter 13 plan. Second, the debtor and her husband support three adult children living at home. Third, the debtor has a second mortgage on her home that is subject to lien stripping in a chapter 13 case, which would eliminate the need to pay on that mortgage in a chapter 13 case. Fourth, the debtor unfairly subsidizes her husband's expenses and his creditors because she pays a disproportionately high portion of the household expenses.

█ At the hearing, the debtor advised the Court that her children living at home are ages 29, 24, and 19. The two younger ones are college students and the oldest one is at home only temporarily. Nothing in the record contradicts those representations. The Court concludes that this arrangement does not suggest any abuse of chapter 7.

Also, the U.S. Trustee' office did not offer any facts or evidence in support of its contention that the second mortgage on the debtor's home is subject to lien stripping. Accordingly, the Court will not consider this point any further.

Accordingly, resolution of the motion turns on the Court's determination regarding the contention that the debtor unfairly subsidizes her husband's expenses and his payments on his debts to his creditors.

## II.

Schedule J and the debtor's testimony reflect that the debtor's sole expenses are $640. These consist of:

(a) $440 for the payment on the car she drives;

(b) $150 for the insurance on that car; and

(c) $50 for her professional expenses.

The sole expenses of the debtor's husband are $1406, consisting of:

(a) $243 for the payment on the car he drives;

(b) $150 for the insurance on that car;

(c) $400 for his personal expenses and credit cards;

(d) $63 for a time share;

(e) $250 for transportation; and

(f) $300 for children's college expenses.

Therefore, the household expenses that the debtor and her husband should share total $4,946, calculated by subtracting the sole expenses of the debtor and her husband from their total expenses.

## III.

█ The Court concludes that in a bankruptcy case filed by only one spouse, when calculating the filing spouse's net disposable income, the joint expenses of

the debtor and the non-filing spouse should be allocated in proportion to their income. *McNichols*, 249 B.R. at 172 (rejecting a 50/50 split of expenses when the parties' incomes are disparate, and holding "a more equitable and logical approach would be to have the Debtor and her spouse proportionally bear reasonable and necessary family expenses to maintain the family in the same relative ratio as their respective net incomes[.]"). *But see In re Boatright*, 414 B.R. 526 (Bankr.W.D.Mo. 2009) (declining to allocate expenses in proportion to income).

The debtor earns approximately 66% of the household income. Accordingly, the debtor's fair share of the joint expenses should be 66% of $4,946, or $3,264. When her sole expenses of $640 are added, her total expenses become $3,904. As noted, her net monthly income is $4,706. As a result, her net disposable income ought to be $802. A chapter 13 plan at $802 per month for 36 months totals $28,872. Schedule F discloses unsecured debt of $25,403.98. Thus the debtor's chapter 13 plan could be a 100% plan, less trustee fees and attorney fees, assuming all of the creditors file claims.

However, the debtor's stated net disposable income is significantly lower because the debtor and her husband allocate a large portion of her monthly net disposable income for his sole expenses. This is unfair to the debtor and even more unfair to the debtor's sole creditors. For all practical purposes, the excess is a gift, and it is a gift from the spouse who is in bankruptcy and insolvent to the spouse who is not in bankruptcy and to that spouse's creditors.

It may be that without this support from the filing spouse, the non-filing spouse could not meet his monthly expenses. If that is the case, it is due to the choices that the non-filing spouse has made, including the choice not to join in the bankruptcy case.

Regardless, the unfairness to the debtor's creditors in this case is palpable.

## IV.

Finally, the debtor argued that the motion to dismiss should be denied because the creditors of the debtor and her non-filing spouse would not do any better if this were a joint case. The Court rejects that argument because it assumes that in a joint case the sole creditors of each spouse would receive the same percentage dividend. That may not be true.

11 U.S.C. § 302(a) provides that spouses may file a joint case. Section 302(b) permits the bankruptcy court to determine to what extent, if any, the two bankruptcy estates should be consolidated. Rule 1015(b) further provides:

(b) If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr.P. 1015(b).

Thus a joint petition creates two separate estates. *Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1109 (11th Cir. 1994); *In re Morrison*, 403 B.R. 895, 900 (Bankr.M.D.Fla.2009); *In re Shjeflo*, 383 B.R. 192, 195 (Bankr.N.D.Okla.2008); *In re Bippert*, 311 B.R. 456, 462 (Bankr. W.D.Tex.2004); *In re Estrada*, 224 B.R. 132, 135 (Bankr.S.D.Cal.1998). Unless the joint debtors' estates are consolidated by the court pursuant to § 302(b) and Rule

1015(b), the two estates remain separate. *In re Toland,* 346 B.R. 444, 449 (Bankr. N.D.Ohio 2006).

In a somewhat similar case, *In re Blair,* 226 B.R. 502 (Bankr.D.Me.1998), the court found that the debtor-husband's income was sufficient to pay a significant dividend to his creditors. Instead he used that income to pay his wife's debts. The court denied the debtors' motion for substantive consolidation and found substantial abuse, explaining:

> Absent substantive consolidation, Rodney's creditors may look to Rodney's assets (and, in Chapter 13 or outside bankruptcy, Rodney's assets and earnings) for satisfaction of their claims. Darlene's creditors may look to Darlene. Since Rodney has almost $2,000.00 per month of income in excess of his living expenses, and since Darlene has only $100.00 per month in gross income, substantive consolidation would result in Rodney's dollars going to pay Darlene's (unliquidated but substantial) individual debts. As a consequence, Rodney's creditors' repayment potential would be diluted significantly.

226 B.R. at 506 (footnote omitted). The same can be concluded in the present case.

For these reasons, the Court concludes that the debtor's case is an abuse of chapter 7. Accordingly, it is hereby ordered that the U.S. Trustee's motion to dismiss is granted.